ROBERT YAMACHIKA, Oregon State Bar ID Number 065560
Deputy City Attorney
Email: Rob.Yamachika@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants City of Portland,*
*L. McHenry, and F. Earle*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| ANDREW GRIMM, | **3:18-cv-183 MO** |
| **PLAINTIFF,** | |
| v. | **DEFENDANTS CITY OF PORTLAND, L. MCHENRY AND F. EARLE'S ANSWER AND AFFIRMATIVE DEFENSES** |
| **CITY OF PORTLAND, L. MCHENRY, F. EARLE, AND RETRIEVER TOWING** | |
| **DEFENDANTS.** | |

For their answer to plaintiff's Complaint, defendants City of Portland, L. McHenry, and F. Earle, (hereafter "City Defendants") respond to plaintiff's allegations in correspondingly numbered paragraphs as follows:

### I.    NATURE OF CASE

1-3.    Paragraphs 1-3 set forth legal theories, conclusions or argument, no response is required.  To the extent a response may be necessary City Defendants deny the allegations in paragraphs 1-3.

### II.    PARTIES

4.    City Defendants admit paragraph 4.

Page  1  –  DEFENDANTS CITY OF PORTLAND, L. MCHENRY AND F. EARLE'S ANSWER
           AND AFFIRMATIVE DEFENSES

5.      City Defendants admit plaintiff has named four defendants.

      a.      City Defendants admit paragraph 5a.

      b.      City Defendants admit Lindsey McHenry is a natural person and is employed by the City as a parking code enforcement officer.  City Defendants deny any remaining allegations in paragraph 5b.

      c.      City Defendants admit Frank Earle is a natural person and is employed by the City as a parking code enforcement officer.  City Defendants deny any remaining allegations in paragraph 5c.

      d.      City Defendants admit Parking Enforcement Services *dba* Retriever Towing is a business entity incorporated in the State of Oregon.  City Defendants deny any remaining allegations in paragraph 5d.

## III.  JURISDICTION & VENUE

6-7.    City Defendants admit paragraphs 6-7.

8-9.    City Defendants admit that a substantial part of the events occurred in Portland, Oregon and that the Portland Division of the United States District Court District of Oregon is a proper venue for this case.  City Defendants deny any remaining allegations in paragraphs 8-9.

## IV.  STATEMENT OF FACTS

### A.  Plaintiff's Car is Registered with Portland's Mobile Parking App.[1]

10.     City Defendants admit that plaintiff's car is a 1999 Honda Accord with California license plate 6DNF990 as alleged in paragraph 10 and had expired registration tags dated "Jun 2017" when it was parked in the City.

/////

/////

---

[1] City Defendants include plaintiff's subsection headings to identify subsections in plaintiff's Complaint for convenience only.  To the extent that the headings themselves may be interpreted to constitute allegations, the City Defendants deny them.

Page  2  –  DEFENDANTS CITY OF PORTLAND, L. MCHENRY AND F. EARLE'S ANSWER AND AFFIRMATIVE DEFENSES

11.     City Defendants deny that Parking Kitty is "Portland's mobile parking app[2]" and is without knowledge or complete information to admit or deny when plaintiff downloaded Parking Kitty to his iPhone and therefore denies those allegations in paragraph 11.

12.     City Defendants admit that Parking Kitty permits registered users to pay for parking remotely using their cellphones.  City Defendants deny any remaining allegations in paragraph 12.

13.     City Defendants deny paragraph 13.

14.     City Defendants are without knowledge or complete information to admit or deny the allegations in paragraph 14 and therefore denies them.

15.     City Defendants admit that as part of the registration process, Parking Kitty requests user's cellphone number.  City Defendants deny any remaining allegations in paragraph 15.

16.     City Defendants are without knowledge or complete information to admit or deny the allegations in paragraph 16 and therefore denies them.

**B.    Plaintiff's Car is Registered with KnowTow.**

17-19.  City Defendants are without knowledge or complete information to admit or deny the allegations in paragraphs 17-19 and therefore denies them.

20.     City Defendants denies paragraphs 20-21.

22.     City Defendants admit that plaintiff's car had KnowTow decals near its front and back license plates and that the decals display KnowTow's logo and states "You should know, *before* they tow" and knowtow.net.  City Defendants deny any remaining allegations in paragraph 22.

23.     City Defendants deny paragraph 23.

---

[2] Parking Kitty is a smart phone application made by PassportParking, Inc. that can be downloaded to a smart phone and can be used to pay parking fees in the City of Portland.

Page  3  –  DEFENDANTS CITY OF PORTLAND, L. MCHENRY AND F. EARLE'S ANSWER
          AND AFFIRMATIVE DEFENSES

**C.    Plaintiff Parked His Car in Downtown Portland**

24.    City Defendants admit paragraph 24.

25-26.    City Defendants admit that plaintiff used Parking Kitty to pay for the parking spot at 5:41 P.M. to 7:00 P.M. on December 14, 2017 and that the transaction number was #78395409.  City Defendants deny any remaining allegations in paragraphs 25-26.

27.    City Defendants are without knowledge or complete information to admit or deny the allegations in paragraph 27 and therefore denies them.

28.    City Defendants deny paragraph 28.

29.    City Defendants are without knowledge or complete information to admit or deny the allegations in paragraph 29 and therefore denies them.

30.    City Defendants admit paragraph 30.

31.    City Defendants are without knowledge or complete information to admit or deny what time plaintiff's car was towed and therefore denies.  City Defendants admit that plaintiff's car was unlawfully parked on Hall street from 0800 on December 15, 2017 until it was towed, any remaining allegations in paragraph 31 are denied.

32.    City Defendants admit paragraph 32.

**D.    Portland's Parking Citations Gave No Notice of a Tow**

33.    City Defendants admit that plaintiff's car was unlawfully parked and had expired registration tags dated "Jun 2017," and was issued six parking citations, four of which were issued for being unlawfully parked in a meter zone without payment of the parking meter fee or allowing his car to remain in a parking meter space longer than the 3-hour designated time limit and two of which were issued for failure to display current registration tags.

34.    City Defendants admit paragraph 34.

a.    City Defendants admit Officer McHenry put the citation on the exterior of the car's windshield.  City Defendants are without knowledge or complete information to admit or

Page  4  –  DEFENDANTS CITY OF PORTLAND, L. MCHENRY AND F. EARLE'S ANSWER
           AND AFFIRMATIVE DEFENSES

deny the remaining allegations in paragraph 34a, and therefore denies them.

        b.      City Defendants admit paragraph 34b.

        c.      City Defendants admit paragraph 34c.

35.     City Defendants admit paragraph 35.

        a.      City Defendants are without knowledge or complete information to admit or deny the allegation in paragraph 35a and therefore denies it.

        b.      City Defendants admit Officer Earle put the second citation on top of the first citation.  City Defendants are without knowledge or complete information to admit or deny the remaining allegations in paragraph 35b, and therefore denies them.

        c.      City Defendants admit paragraph 35c.

        d.      City Defendants admit paragraph 35d.

36.     City Defendants admit paragraph 36.

        a.      City Defendants are without knowledge or complete information to admit or deny the allegation in paragraph 36a and therefore denies it.

        b.      City Defendants admit Officer Earle put the third citation on top of the other citations.  City Defendants are without knowledge or complete information to admit or deny the remaining allegations in paragraph 36b, and therefore denies them.

        c.      City Defendants admit that the third citation itself does not mention a tow. City Defendants further admit that Officer Earle provided a separate red warning slip with the third citation and the citation states "CITE AND WARN."  The red warning slip had the word "WARNING" in large print on one side and on the other side it provided a warning and notice stating "Your vehicle will be subject to tow/citation if it is not moved.  Your cooperation is appreciated."  Officer Earle underlined the word "tow" and circled words "tow/citation."  City Defendants deny any remaining allegations in paragraph 36c.

/////

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

      d.      City Defendants deny the allegations in paragraph 36d and reallege the admissions in 36c above.

      37.    City Defendants admit paragraph 37.

      a.      City Defendants are without knowledge or complete information to admit or deny the allegation in paragraph 37a and therefore denies it.

      b.      City Defendants admit Officer Earle put the fourth citation on top of the other citations.  City Defendants are without knowledge or complete information to admit or deny the remaining allegations in paragraph 37b, and therefore denies them.

      c.      City Defendants admit that the fourth citation itself does not mention a tow.  City Defendants further admit that Officer Earle provided a separate red tow slip with the fourth citation and the citation states "PREV CI AND WRNED."  The red tow slip had the word "TOW" in large print on one side and an order to tow vehicle and underlying information on the other side.

      d.      City Defendants deny the allegations in paragraph 37d and reallege the admissions in 37c above.

      38.    City Defendants admit paragraph 38, constant with their prior answers above in paragraphs 34 through 37 and their subparts.

      39.    City Defendants deny paragraph 39, as previously answered in paragraphs 34 through 37 and their subparts.

      40.    City Defendants are without knowledge or complete information to admit or deny the allegations in paragraph 40 and therefore denies them.

**E.  Defendants Towed Plaintiff's Car Without Notice**

      41.    City Defendants are without knowledge or complete information to admit or deny the allegations in paragraph 41 and therefore denies them.

      42.    City Defendants deny paragraph 42.

Page  6 –  DEFENDANTS CITY OF PORTLAND, L. MCHENRY AND F. EARLE'S ANSWER
        AND AFFIRMATIVE DEFENSES

43.     City Defendants admit a tow was requested and Retriever Towing was contacted to tow plaintiff's car, and denies any remaining allegations in paragraph 43.

44.     City Defendants admit paragraph 44.

45.     City Defendants are without knowledge or complete information to admit or deny the allegations in paragraph 45 and therefore denies them.

46.     City Defendants admit paragraph 46.

47.     City Defendants are without knowledge or complete information to admit or deny the allegations in paragraph 47 and therefore denies them.

48.     City Defendants admit paragraph 48.

49.     City Defendants deny paragraph 49.

**F.    When It Towed Plaintiff's Car, Portland Knew It Had Not Provided Notice of the Tow.**

50-51.  City Defendants deny paragraphs 50-51.

52.     City Defendants admit paragraph 52, and reallege their answer in paragraph 33.

53.     City Defendants admit paragraph 53, and reallege their answer in paragraph 38.

54.     City Defendants deny paragraph 54, and reallege their answer in paragraph 39.

55-57.  City Defendants are without knowledge or complete information to admit or deny the allegations in paragraph 55-57 and therefore deny them.

58.     City Defendants admit that each time Officer Earle issued a citation, he took photos of plaintiff's car, some of which depict prior citations.  City Defendants are without knowledge or complete information to admit or deny the any remaining allegations in paragraph 58 and therefore deny them.

59-62.  City Defendants deny paragraphs 59-62.

63.     City Defendants are without knowledge or complete information to admit or deny the allegations that the materials were unseen and therefore denies them.  City Defendants admit that aside from the six citations and red warning slip and red tow slip as answered in paragraphs

Page  7  –  DEFENDANTS CITY OF PORTLAND, L. MCHENRY AND F. EARLE'S ANSWER
            AND AFFIRMATIVE DEFENSES

36c and 37c no additional efforts were made before the tow to inform plaintiff of the tow and denies any remaining allegations in paragraph 63.

64-65.  City Defendants deny paragraphs 64-65.

**G.  Portland Easily Could Have Provided Immediate Notice of a Tow**

66.    Paragraph 66 sets forth legal theories, conclusions or argument, and no response is required.  To the extent a response may be necessary City Defendants deny the allegations in paragraphs 66.

67.    Paragraph 67 sets forth legal theories, conclusions or argument, and no response is required.  To the extent a response may be necessary City Defendants answer as follows:

      a.    City Defendants admit paragraph 67a.

      b.    City Defendants admit paragraph 67b.

      c.    City Defendants admit paragraph 67c.

      d.    City Defendants admit paragraph 67d.

68.    Paragraph 68 sets forth legal theories, conclusions or argument, and no response is required.  To the extent a response may be necessary City Defendants deny the allegations in paragraph 68.

69-70.  Paragraphs 69-70 sets forth legal theories, conclusions or argument, and no response is required.  To the extent a response may be necessary City Defendants deny the allegations in paragraphs 69-70.

71.    City Defendants admit it did not use the telephone, email, mobile parking app or internet to notify plaintiff that his car would be towed.  City Defendants are without knowledge or complete information to admit or deny the remaining allegations in paragraph 71 and therefore denies them.

72-77.  City Defendants deny paragraphs 72-74(a-d), 75(a-e), 76(a-d),77(a-d).

/////

Page  8  –  DEFENDANTS CITY OF PORTLAND, L. MCHENRY AND F. EARLE'S ANSWER
      AND AFFIRMATIVE DEFENSES

78.     City Defendants deny paragraph 78.

      a.      City Defendants admit paragraph 78a.

      b-e.     City Defendants deny paragraphs 78(b-e).

79-80.  Paragraphs 79-80 set forth legal theories, conclusions or argument, and no response is required.  To the extent a response may be necessary City Defendants deny the allegations in paragraphs 79 and 80.  City Defendants admit paragraph 80a and 80b, and deny any other remaining allegations in paragraphs 80(c-k), except as already admitted and constant with their prior answers above in paragraphs 36 and 37 and their subparts.

81-87.  Paragraphs 81-87 set forth legal theories, conclusions or argument, and no response is required.  To the extent a response may be necessary City Defendants deny the allegations in paragraphs 81-87.

## G.   Portland Easily Notified Retriever Towing, But Chose Not to Notify Plaintiff.

88-98.  City Defendants admit that a tow was requested on December 21, 2017 after previously providing a tow warning and notice of tow on the car and that Retriever Towing responded to the tow request and deny any remaining allegations in paragraphs 88-89. Paragraphs 90-98 set forth legal theories, conclusions or argument, and no response is required. To the extent a response may be necessary City Defendants deny the allegations in paragraphs 90-98.

## H.   Portland Easily Notified Retriever Towing, But Chose Not to Notify Plaintiff.

99.     City Defendants are without knowledge or complete information to admit or deny the allegations in paragraphs 99(a-b) and therefore denies them.

100.    Paragraph 100 sets forth legal theories, conclusions or argument, and no response is required.  To the extent a response may be necessary City Defendants deny the allegations paragraph 100.

/////

Page 9 – DEFENDANTS CITY OF PORTLAND, L. MCHENRY AND F. EARLE'S ANSWER
        AND AFFIRMATIVE DEFENSES

101-111.    City Defendants are without knowledge or complete information to admit or deny the allegations in paragraphs 101-111 and therefore denies them.  Additionally, paragraphs 101-111 set forth legal theories, conclusions or argument, and no response is required.  To the extent a response may be necessary, City Defendants deny the allegations in paragraphs 101-111.

## I.    Defective Notice Is Portland's Policy

112.    City Defendants admit that its parking enforcement officers acted in accordance with its towing policies as alleged in paragraph 112.  City Defendants are without knowledge or complete information to admit or deny the allegations with respect to Retriever Towing and therefore denies them.

113.    Paragraphs 113(a-d) set forth legal theories, conclusions or argument, and no response is required.  To the extent a response may be necessary City Defendants deny the allegations in paragraphs 113(a-d).

114.    City Defendants admit that its parking enforcement officers, including Officer Earle acted in accordance with its towing policies and provided notice as already answered in paragraphs 36 and 37 and their subparts.  City Defendants are without knowledge or complete information to admit or deny the allegations with respect to Retriever Towing and therefore denies them.

115-116.    City Defendants admit that its parking enforcement officers, including Officer Earle acted in accordance with its towing policies and denies any remaining allegations in paragraphs 115-116.

117.    City Defendants admit paragraph 117.

118-126.    City Defendant admit the Portland City Code provisions cited by plaintiff state when vehicles may be towed without any prior notice and when notice is required and how such notice is given and speak for themselves.  Paragraphs 118-126 set forth legal theories,

Page  10 –    DEFENDANTS CITY OF PORTLAND, L. MCHENRY AND F. EARLE'S ANSWER
         AND AFFIRMATIVE DEFENSES

conclusions or argument, and no response is required.  To the extent a response may be

necessary City Defendants deny the remaining allegations paragraphs 118-126.

127-128.       City Defendants admit paragraphs 127-128.

129.     Paragraph 129 sets forth legal theories, conclusions or argument, and no response

is required.  To the extent a response may be necessary City Defendants deny the allegations in

paragraph 129.

**J.     Retriever Towing Had No Basis to Believe that Notice of the Tow Was Provided**

130-135.       Paragraphs 130-135 are directed at defendant Retriever Towing and no

response is necessary from City Defendants.  To the extent a response may be necessary, City

Defendants deny the allegations in paragraphs 130-135.

**PLAINTIFF'S CAUSE OF ACTION**
**Violation of the Fourteenth Amendment's Due Process Clause**
**Plaintiff's Procedural Due Process Rights to Notice**
**[U.S. Const. amend. XIV § 1]**

**Claims 1-2: Portland's Violations of Plaintiff's Due Process Rights**

136.     City Defendants reallege and incorporate their responses in paragraphs 1-135.

137-141.       Paragraphs 137-141 set forth legal theories, conclusions or argument, and

no response is required.  To the extent a response may be necessary City Defendants deny the

allegations in paragraphs 137-141.

142.     City Defendants admit paragraph 142.

143-152.       Paragraphs 143-152 set forth legal theories, conclusions or argument, and

no response is required.  To the extent a response may be necessary City Defendants deny the

allegations in paragraphs 143-152.

153-154.       City Defendants deny paragraphs 153 and 154.

/////

/////

Page  11 –    DEFENDANTS CITY OF PORTLAND, L. MCHENRY AND F. EARLE'S ANSWER
        AND AFFIRMATIVE DEFENSES

**Claims 3-4: Officers McHenry and Earle's Violations of Plaintiff's Due Process Rights**

155.    City Defendants reallege and incorporate their responses in paragraphs 1-135.

156.    Paragraph 156 sets forth legal theories, conclusions or argument, and no response is required.  To the extent a response may be necessary City Defendants deny the allegations in paragraph 156.

157.    City Defendants admit Officer McHenry and Earle are employed by the City as a parking code enforcement officer and deny any remaining allegations in paragraph 157.

158-169.        Paragraphs 158-169 set forth legal theories, conclusions or argument, and no response is required.  To the extent a response may be necessary City Defendants deny the allegations in paragraphs 158-169.

170-171.        City Defendants deny paragraphs 170-171.

**Claim 5: Retriever Towing's Violation of Plaintiff's Due Process Rights**

172.    City Defendants reallege and incorporate their responses in paragraphs 1-135.

173-183.        Paragraphs 173-183 are directed at defendant Retriever Towing and no response is necessary from City Defendants.  To the extent a response may be necessary, City Defendants deny the allegations in paragraphs 173-183.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

184.    Plaintiff has failed to state a claim against the City Defendants.

**SECOND AFFIRMATIVE DEFENSE**
**(Justification and Privilege)**

185.    The actions by City defendants, including Officer McHenry and Earle were lawful, justified and privileged as those actions were necessary to carry out their duties as a parking enforcement officers for the City.

/////

/////

Page  12  –    DEFENDANTS CITY OF PORTLAND, L. MCHENRY AND F. EARLE'S ANSWER
            AND AFFIRMATIVE DEFENSES

## THIRD AFFIRMATIVE DEFENSE
### (Qualified Immunity)

186.    Officers McHenry and Earle are entitled to qualified immunity from liability because they acted in good faith and a reasonable parking enforcement officer would not have known that any of their actions would violate a clearly established constitutional or federally protected right of plaintiff.

## FOURTH AFFIRMATIVE DEFENSE
### (Discretionary Immunity)

187.    The acts or omissions that plaintiff claims to have constituted constitutional violations on the part of the City Defendants are discretionary functions or duties and the City Defendants are immune from liability.

## FIFTH AFFIRMATIVE DEFENSE
### (Attorney Fees – 42 U.S.C. § 1988)

188.    Plaintiff's claims are unreasonable, frivolous, meritless and vexatious. Defendants are entitled to their attorney fees under 42 U.S.C. § 1988

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

189.    All or part of the harm alleged by plaintiff was a result of plaintiff's own actions or inactions or otherwise a result of his own failure to mitigate.

## SEVENTH AFFIRMATIVE DEFENSE
### (Negligence)

190.    Upon information and belief, to the extent that Plaintiff has suffered any damages, those damages are the result of the negligence or fault of plaintiff in one or more of the following particulars:

a.    Plaintiff failed to pay for parking fees when he parked his car;

b.    Plaintiff failed to return to his vehicle when he knew his car was illegally parked to move it;

Page  13  –   DEFENDANTS CITY OF PORTLAND, L. MCHENRY AND F. EARLE'S ANSWER
        AND AFFIRMATIVE DEFENSES

c.      Plaintiff allowed his car to be illegally parked for a week and did not return to it

to see the six citations, tow warning and tow notice placed on the car.

## EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

191.    Any citations and parking enforcement actions taken or any other conduct by City

Defendants, was done in good faith based on reasonable grounds by City Defendants.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

192.    Plaintiff failed to exhaust his administrative remedies under the Portland City

Code 16.30.410 by failing to request a hearing to contest the tow.

## TENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights to Assert Additional Defenses)

193.    The City reserves the right to assert additional affirmative defenses which

discovery or other investigation may reveal to be appropriate.

WHEREFORE, having fully answered plaintiff's Complaint, City Defendants ask for the

following relief:

A.      That judgment be entered in favor of City Defendants and against plaintiff;

B.      That City Defendants be awarded their reasonable costs incurred herein; and

C.      That City Defendants be awarded such other relief as the Court deems just and

equitable.

Dated:  February 21, 2018

Respectfully submitted,

*/s/ Robert Yamachika*
ROBERT YAMACHIKA, OSB # 065560
Deputy City Attorney
Telephone: (503) 823-4047
*Of Attorneys for Defendants City of Portland, L.*
*McHenry, and F. Earle*

Page  14 –     DEFENDANTS CITY OF PORTLAND, L. MCHENRY AND F. EARLE'S ANSWER
               AND AFFIRMATIVE DEFENSES

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS CITY OF PORTLAND, L.

MCHENRY AND F. EARLE'S ANSWER AND AFFIRMATIVE DEFENSES on:

> Andrew Grimm
> 15287 Pepperwood Drive
> Omaha, NE 68154
>            *Pro-Se Plaintiff*

on February 21, 2018, by causing a full, true and correct copy thereof, addressed to the last-

known address (or fax number) of said attorney, to be sent by the following method(s):

☒　　by **mail** in a sealed envelope, with postage paid, and deposited with the U.S. Postal Service in Portland, Oregon.

☐　　by **hand delivery.**

☐　　by **email** pursuant to LR 5-2(b).

☐　　by **facsimile transmission.**

☐　　by **email.**


*/s/ Robert Yamachika*
ROBERT YAMACHIKA, OSB #065560
Deputy City Attorney
Telephone: (503) 823-4047
*Of Attorneys for Defendants City of Portland, L. McHenry, and F. Earle*

Page  1  –  CERTIFICATE OF SERVICE