**Matthew D. Lowe,** OSB# 003093
E-mail:  matthew.lowe@jordanramis.com
JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070
Facsimile:  (503) 598-7373
        Attorneys for Defendant Retriever Towing

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVSION

| | |
|---|---|
| **ANDREW GRIMM**, | Case No. 3:18-CV-183-MO |
| Plaintiff, | DEFENDANT RETRIEVER TOWING'S FED. R. CIV. P. 12(b)(6)'s MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED |
| v. | |
| **CITY OF PORTLAND, L. MCHENRY, F. EARLE, AND RETRIEVER TOWING**, | |
| Defendants. | **ORAL ARUGMENT REQUESTED** |

**LR 7.1 CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1, counsel for Defendant Retriever Towing, which is an Oregon assumed business name of Parking Enforcement Services, Inc., an active Oregon corporation ("Retriever Towing") hereby certifies that he conferred with plaintiff, who appears *pro se*. Counsel and plaintiff have been unable to agree upon the issues raised in this motion.

Page 1 – DEFENDANT RETRIEVER TOWING'S FED. R. CIV. P. 12(B)(6)'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

## MOTION

Pursuant to Fed. R. Civ. P. 12(b)(6), Retriever Towing moves to dismiss plaintiff's *Complaint* for failure to state a claim upon which relief can be granted. Retriever Towing further requests that the dismissal be with prejudice and without opportunity to amend. This motion is supported by Retriever Towing's memorandum of law set forth below, and the records and files herein.

## MEMORANDUM IN SUPPORT OF MOTION

### 1. Fed. R. Civ. P. 12(b)(6) Standard of Review

> In reviewing a dismissal for failure to state a claim, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Oki Semiconductor Co. v. Wells Fargo Bank,* 298 F.3d 768, 772 (9th Cir.2002). *Pro se* complaints are to be construed liberally and "may be dismissed for failure to state a claim only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Franklin v. Murphy,* 745 F.2d 1221, 1228, 1230 (9th Cir.1984) (quoting *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). "Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood,* 846 F.2d 1202, 1203–04 (9th Cir.1988) (internal quotation marks and citation omitted).

*Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (2007). This is a "less stringent" standard than that required of pleadings by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That standard exists because the *pro se* litigant is "[p]resumably unskilled in the law, and "is far more prone to making errors in pleading than the person who benefits from the representation of counsel." *Noll v. Carlson* 809 F.2d 1446, 1448 (1987). It must be noted, however, that while Mr. Grimm is appearing *pro se* in this proceeding, he is, nonetheless, an active member of the Washington

Page 2 – DEFENDANT RETRIEVER TOWING'S FED. R. CIV. P. 12(B)(6)'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

52809-76491 2935636_4\RH/2/21/2018

State Bar (WSB No. 51486). [1]

Based on the facts alleged in the *Complaint,* not only has plaintiff failed to state a claim upon which relief may be granted, it is also "absolutely clear" that the deficiencies alleged in plaintiff's *Complaint* cannot be cured to state a claim upon which relief may be granted.

### 2.     Plaintiff Received Due Process

Implementing parking regulations is a valid governmental interest. Towing allows for enforcement of such regulations and deters future violators. *See Scofield v. City of Hillsborough*, 862 F.2d 759, 763-64 (9th Cir 1988) (towing of unregistered vehicles advances governmental interests of requiring registration and deters owners from violating state registration laws). *See also Lone Star Security & Video, Inc. v. City of Los Angeles*, 584 F.3d 1232 (9th Cir. 2009) (no due process violation where City towed marketing trailers illegally parked for more than 72 hours in one location without individualized prior notice because City's interests in deterring illegal practice, preventing vandalism and abating nuisance outweighed owner's interest in receiving such notice).

Notwithstanding this valid governmental interest, plaintiff claims that he was denied due process because Retriever Towing (and the City) failed to notify him that his illegally parked vehicle would be towed. Plaintiff was not denied due process because he was given adequate notice—multiple times over multiple days. In *Clement v. City of Glendale*, 518 F.3d 1090, 1096 (2008), the 9th Circuit expressly held, related to notice required prior to the towing of an illegally parked vehicle:

---

[1] Retriever Towing asks that the Court take judicial notice of this fact. "[A] court may take judicial notice of 'matters of public record'" in considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) without converting the motion into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-69 (2001) *overruled on other grounds by Galbraith v. Cnty. Of Santa Clara,* 307 F.3d 1119, 1125-26 (9th Cir. 2002) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)).

Page 3 – DEFENDANT RETRIEVER TOWING'S FED. R. CIV. P. 12(B)(6)'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED                                           52809-76491 *2935636_4\RH/2/21/2018*

> Our holding today dovetails with *Scofield*, where we held that there was a due process requirement that notice be given—*usually in the form of a ticket placed on a windshield*—before police could tow apparently abandoned vehicles that are otherwise legally parked.

(Emphasis added.)  In this case, the police did not place "*a* ticket" on plaintiff's vehicle—they actually placed *four* tickets on plaintiff's vehicle over the course of a week.  Moreover, unlike the plaintiff's car in *Clement*, the plaintiff's car here was not otherwise legally parked.  Plaintiff's own allegations unequivocally establish that he *was* given constitutionally adequate notice.  Plaintiff alleged:

> 24.     On December 14, 2017, Plaintiff parked his car in a public parking spot on Southwest Hall Street in downtown Portland, Oregon.
>
> * * *
>
> ***27.     Shortly before 7:00 P.M. on December 14, 2017, Portland sent a notification to Plaintiff on his iPhone via Portland's mobile parking app, notifying Plaintiff that his parking payment was about to expire.***
>
> 28.     At 7:00 P.M. on December 14, 2017, Plaintiff's time to legally park on Hall Street expired.
>
> * * *
>
> 30.     Plaintiff did not refill the parking meter.
>
> ***31.     From 7:00 P.M. on December 14, 2017, until Plaintiff's car was towed by Portland at 9:24 A.m. on December 21, 2017, Plaintiff's vehicle was unlawfully parked on Hall Street.***
>
> * * *
>
> ***33.     While Plaintiff's car was unlawfully parked, Portland issued four parking citations against Plaintiff's car for being parked in a metered zone without proper payment.***
>
> * * *

Page 4 – DEFENDANT RETRIEVER TOWING'S FED. R. CIV. P. 12(B)(6)'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

52809-76491 *2935636_4\RH/2/21/2018*

> 55. All materials left by Portland's offices on Plaintiff's windshield remained undisturbed until after Plaintiff's car was towed.

*Complaint*, Pp. 5-6, 8.  (Emphasis added.)

In short, plaintiff (1) knew that his meter had expired and he was therefore illegally parked (as any reasonable person, let alone a member of the Washington State Bar, could only conclude) and (2) he abandoned his vehicle for the seven days *after* that notice of meter expiration was received.  Plaintiff could have also easily determined that he had been cited no less than four times because, as he pleads, the citations remained "undisturbed" on the vehicle's windshield. Plaintiff simply chose not to prudently conduct his personal affairs by checking in on the car that he pled that he knew was illegally parked.  Plaintiff also knew the risk that his vehicle could be towed—in fact, it appears that he was counting on it.  Plaintiff also alleges in pertinent part:

> 17. On March 6, 2017, Plaintiff registered his car with KnowTow.
>
> 18. KnowTow is a free online service that allows governments to provide immediate and direct notice of a tow to a KnowTow user.
>
> 19. KnowTow automatically sends an immediate text, email and voicemail notification of a tow to the affected user once a government enters that user's license-plate number on KnowTow's website (knowtow.net).
>
> 20. Portland knows that by using KnowTow it can provide immediate and direct notice of tow to any KnowTow user for free.
>
> 21. Portland also knows that vehicles with KnowTow decals are registered with KnowTow.
>
> 22. Plaintiff's car conspicuously displays KnowTow decals near its front and back license plates.

*Complaint*, P. 4.  There is no reasonable inference that can be drawn other than plaintiff was aware of the risk of a tow and that vehicles parked in metered spaces after expiration of the meter

Page 5 – DEFENDANT RETRIEVER TOWING'S FED. R. CIV. P. 12(B)(6)'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

were subject to being towed.  After all, plaintiff admits to subscribing to a service he believed the City was required to utilize to notify him of the tow.  That conclusion, however, was misplaced as it is not supported by any authority and is contrary to *Clements* which expressly held that a parking citation *is* constitutionally adequate notice.  Plaintiff's conclusion is also contrary to the U.S. Supreme Court position that "(d)ue process of law * * * does not require the state to adopt any particular form of procedure, so long as it appears the accused has had sufficient notice of the accusation and an adequate opportunity to defendant himself in the prosecution." *Garland v. State of Washington*, 232 U.S. 642, 645 (1914).

### 3. Conclusion

Respectfully, reasonable people generally know (and members of the Washington State Bar should certainly know) that illegally parking a car will result in a citation and that an illegally parked car on a downtown city street, left over a period of seven days, will likely result in being towed without notice other than a parking citation.  Plaintiff admits that he knew that his car was illegally parked within hours of parking it.  As a result, the City issued four citations over the course of seven days before contacting Retriever Towing.  Plaintiff received notice sufficient under the 14th Amendment and the *Complaint* confirms this.  Because he has admitted, and therefore cannot now deny, these threshold facts, plaintiff cannot amend his pleading to establish a claim under the 14th Amendment.  Accordingly, Retriever respectfully requests this Court to dismiss the *Complaint* with prejudice.

Dated this 21st day of February, 2018.

JORDAN RAMIS PC

By: *s/ Matthew D. Lowe*
**MATTHEW D. LOWE, OSB # 003093**
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone:  (503) 598-7070
matt.lowe@jordanramis.com
**Attorneys for Defendant Retriever Towing**

Page 6 – DEFENDANT RETRIEVER TOWING'S FED. R. CIV. P. 12(B)(6)'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

52809-76491 2935636_4\RH/2/21/2018

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I served a true and correct copy of the foregoing DEFENDANT RETRIEVER TOWING'S FED. R. CIV. P. 12(b)(6)'s MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED on:

> Andrew Grimm
> 15287 Pepperwood Drive
> Omaha, NE 68154
> Agrimm3@gmail.com
>     Plaintiff Pro se

> Mr. Robert Yamachika
> Portland Office of City Attorney
> 1221 SW 4th Ave Ste 430
> Portland OR  97204
> Fax:  503 823-3089
> Email: rob.yamachika@portlandoregon.gov
>     Attorneys for the City of Portland

[X] by first class mail, postage prepaid.

[ ] by hand delivery.

[ ] by facsimile transmission.

[ ] by facsimile transmission and first class mail, postage prepaid.

[ ] by electronic transmission.

[ ] by electronic transmission and first class mail, postage prepaid.

DATED:  February 21, 2018.

> *s/ Matthew D. Lowe*
> Matthew D. Lowe, OSB # 003093
> Of Attorneys for Retriever Towing