IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANDREW GRIMM**, | 3:18-cv-183-MO |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **CITY OF PORTLAND,**<br>**L. MCHENRY, F. EARLE,**<br>**RETRIEVER TOWING,** | |
| Defendant. | |

**MOSMAN, J.**,

This matter comes before me on Defendant Retriever Towing's ("Retriever Towing") Motion to Dismiss [7]. For the reasons given below, I GRANT that motion and DISMISS Andrew Grimm's pro se claim against Retriever Towing with prejudice and without leave to amend.[1]

## BACKGROUND

On December 14, 2017, Mr. Grimm parked his car in downtown Portland and, using Portland's mobile parking app, paid for a parking spot from 5:41pm to 7:00pm. (Compl. dkt. no. 1 ¶ 25). Mr. Grimm never refilled the meter or moved his car. (*Id.* ¶¶ 30, 31). Over the next

---

[1] I take judicial notice of the fact that Mr. Grimm is a lawyer admitted to the Washington State Bar Association, WSBA #51486. (Mot. to Dismiss, dkt. no. 7 at 3 n.1). Nevertheless, I applied the less-stringent review standard because the outcome is the same. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ("[P]ro se pleadings are liberally construed, particularly where civil rights claims are involved.").

1 – OPINION AND ORDER

seven days, Defendants Officers Earle and McHenry issued Mr. Grimm four parking citations, placing each citation on the exterior of his car's windshield.[2] (*Id.* ¶¶ 34–37). On December 21, 2017, after Officer Earle attached Mr. Grimm's fourth citation to the windshield, he contacted Retriever Towing and ordered it to tow and impound Mr. Grimm's car. (*Id.* ¶ 37, 43). Retriever Towing promptly did so. (*Id.* ¶¶ 45, 47). Mr. Grimm did not see the citations until after Retriever Towing towed his car. (*Id.* ¶¶ 34–37).

After discovering what happened to his car, Mr. Grimm brought this civil rights action under 42 U.S.C. § 1983 against Retriever Towing, and three other defendants, claiming Retriever Towing violated his right to due process because he did not receive adequate notice before Retriever Towing towed his car. (*Id.* ¶ 183). Retriever Towing now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, dkt. no. 7).

## LEGAL STANDARD

A court may grant a motion to dismiss "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). At this stage, a court usually assumes all factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions, in contrast, are not entitled to that assumption. *Id.*

## DISCUSSION

Due process generally requires the government to provide a car owner with notice before taking his or her car. *See Clement v. City of Glendale*, 518 F.3d 1090, 1093 (9th Cir. 2008).

---

[2] Mr. Grimm violated Portland City Code § 16.20.430-A . (Reply in Supp. of Def. Mot. to Dismiss dkt. no. 16 Ex. 1). § 16.20.430-A provides that:

> "It is unlawful for any person to park any vehicle in any parking meter space during the hours of operation of the meter without paying the parking meter fee, or to permit any vehicle in their control or custody to remain in any parking meter space longer than the time designated time limit."

2 – OPINION AND ORDER

However, the government does not need to provide that person with "actual notice" before doing so. *Jones v. Flowers*, 547 U.S. 220, 226 (2006); *Dusenberry v. United States*, 534 U.S. 161, 171 (2002) ("[O]ur cases have never required actual notice.").

In *Sackman v. City of Los Angeles*, No. CV 15-0090, 2015 WL 13357951 (C.D. Cal. May 8, 2015), *aff'd*, 677 F. App'x 365 (9th Cir. 2017), a California district court rejected a claim similar to Mr. Grimm's claim. In that case, Ms. Sackman parked her van about a block away from her home and left for a trip with her husband. *Id.* at *1. Seventy-two hours after an officer initially marked the van, another officer cited Ms. Sackman for violating Los Angeles's municipal code, leaving the citation on her car's windshield. *Id.* Forty-eight hours later the officer returned to the car, contacted a towing company, and ordered it to tow and impound Ms. Sackman's van. *Id.* The next day, after Ms. Sackman and her husband returned home, her husband discovered that Los Angeles towed the van. *Id.* at *2. Ms. Sackman subsequently filed suit, alleging, among other claims, that Los Angeles violated her right to procedural due process because it failed to provide adequate notice before towing her car. *Id.* at *1, *4.

The district court disagreed and dismissed the claim with prejudice and without leave to amend. *Id.* at *5. The court found that by leaving a citation on the van's windshield before towing the vehicle, Los Angeles provided Ms. Sackman adequate notice. *Id.* On appeal, the Ninth Circuit affirmed the lower court's decision and rejected Ms. Sackman's contention that Los Angeles should have done more, like post signs about the seventy-two-hour law, to comport with due process, stating:

> a legislature generally provides the requisite level of notice "simply by enacting the statute, publishing it, and, to the extent the statute regulates private conduct, affording those within the statute's reach a reasonable opportunity to familiarize themselves with the general requirements imposed and to comply with those requirements."

3 – OPINION AND ORDER

*Sackman*, 677 F. App'x at 366 (quoting *Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 584 F.3d 1232, 1237 (9th Cir. 2017)). The Ninth Circuit additionally concluded, Los Angeles "provided further pre-towing notice by attaching a citation to Ms. Sackman's vehicle two days before it was towed." *Id.*

As in *Sackman*, Mr. Grimm does not dispute that he unlawfully parked his car or that Officers McHenry and Earle cited him for parking unlawfully. Mr. Grimm contends, rather, that he should have received better notice—for example, by emailing, calling, or texting him—before Retriever Towing towed his vehicle. (Mem. in Opp'n to Mot. to Dismiss dkt. no. 15 at 7). However, due process does not require Mr. Grimm to receive such notice. Defendant City of Portland ("the City") is authorized to tow cars that are unlawfully parked.[3] In both cases, the code was enacted, published, and provided each plaintiff a reasonable opportunity to familiarize themselves with the general requirements imposed and to comply with those requirements. Accordingly, I find that the City's code provided Mr. Grimm the requisite level of notice to satisfy due process.

I also find that Officers Earle and McHenry provided Mr. Grimm adequate notice by attaching a citation to the windshield, even though Mr. Grimm did not actually see the citation. *See Sackman*, 677 F. App'x at 366; *Clement*, 518 F.3d at 1096 ("Our holding today dovetails with *Scofield*, where we held that there was a due process requirement that notice be given— usually in the form of a ticket placed on the windshield—before police could tow apparently abandoned vehicles that are otherwise legally parked.").

---

[3] Portland City Code § 16.30.210(A)(2) provides that:

> "A vehicle may be towed and held at the expense of the owner or person entitled to possession thereof from [a]ny public right-of-way, city owned or operated property, parking lot, public park or other public place or property, when [t]he vehicle is parked unlawfully or in a manner that may be hazardous to traffic."

4 – OPINION AND ORDER

Both the Ninth Circuit in *Sackman* and Retriever Towing rely on *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Sackman* applied the balancing test in *Mathews* to conclude the availability of post hoc challenges to the citation and tow satisfied due process. While it appears *Mathews* is applicable to cases where there is no pre-deprivation notice, I conclude that if applied here, it would lead to the same result as in *Sackman*.

Because Mr. Grimm received adequate notice, I GRANT Retriever Towing's motion and DISMISS Mr. Grimm's claim with prejudice because there are no facts that Mr. Grimm can allege that will cure the deficiencies in his complaint. *See Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987) ("[A] pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment.").

## CONCLUSION

For the reasons given above, I GRANT Retriever Towing's Motion [7], and DISMISS Mr. Grimm's claim with prejudice and without leave to amend.

IT IS SO ORDERED.

DATED this  16   day of April, 2018.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge

5 – OPINION AND ORDER