ROBERT YAMACHIKA, Oregon State Bar ID Number 065560
Senior Deputy City Attorney
Email: Rob.Yamachika@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Room 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants City of Portland,*
*L. McHenry, and F. Earle*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| ANDREW GRIMM, | 3:18-cv-183 MO |
| PLAINTIFF, | |
| v. | DEFENDANT CITY OF PORTLAND'S MOTION FOR SUMMARY JUDGMENT |
| CITY OF PORTLAND, L. MCHENRY, F. EARLE, AND RETRIEVER TOWING | |
| DEFENDANTS. | |

## MOTION

Pursuant to L.R. 7-1(a), counsel for defendants City of Portland, Parking Enforcement Officers Lindsey McHenry and Frank Earle ("City defendants") certifies that he consulted with *pro se* plaintiff on May 7, 2018 in a telephone conversation and made a good faith effort to resolve this matter, but has been unable to do so.  Pursuant to Fed. R. Civ. P. 56(c), City defendants move this Court for summary judgment in their favor because there is no genuine issue of material fact and they are entitled to summary judgment as a matter of law on all of plaintiff's claims.  Specifically, the Court should dismiss plaintiff's claims against City defendants because plaintiff has failed to state a claim upon which relief can be granted.

/////

Page 1 –    DEFENDANT CITY OF PORTLAND'S MOTION FOR SUMMARY JUDGMENT

This motion is based on Fed. R. Civ. P. 56, the Court's file and records in this action, the supporting Memorandum of Law, and the Declaration of Frank Earle and Josephine Vazquez, with attached exhibits, filed herewith.

## MEMORANDUM OF LAW

### I.    INTRODUCTION

This case stems from the towing of plaintiff's car on December 21, 2017 after it was illegally parked for several days on a City street.  Plaintiff brought a civil rights action under 42 U.S.C. § 1983 against defendant Retriever Towing and the City defendants, claiming they violated his 14th Amendment due process rights because he did not receive adequate notice prior to his car being towed.  (Docket No. 1, Complaint ("Dkt. 1, Complaint") ¶¶ 153, 154, 170, 171 and 183).  City defendants filed their Answer on February 21, 2018.  (Docket No. 6, Answer ("Dkt. 6, Answer")).  Defendant Retriever Towing filed its Motion to Dismiss on the same day. (Docket No. 7, Retriever's Motion to Dismiss ("Dkt. 7, MTD")).  The Court granted defendant Retriever's Motion to Dismiss on April 16, 2018.  (Docket No. 17, Opinion and Order ("Dkt. 17, Opinion & Order)).

City defendants now move for summary judgment based on defendant Retriever's briefing of the Motion to Dismiss (*See* Dkt. 7, MTD; Docket No. 16, Retriever's Reply ("Dkt. 16, Reply")) and the Court's Opinion and Order (*See* Dkt. 17, Opinion & Order).

### II.    FACTUAL BACKGROUND

City defendants incorporate by reference the Court's "Background" section of its Opinion and Order in its entirety.  (Dkt. 17, Opinion & Order pp.1-2).  City defendants add the following undisputed facts as a supplement to the Background section.

On December 4, 2017 the City Attorney Tracy Reeve and the Law Office Administrator for the City Attorney's Office, Kim Sneath, received an email with a letter attachment from a Frederick Grimm, the president of MyGarcon, Inc., *d/b/a* KnowTow, Inc.  (*See* Declaration of

Page  2  –    DEFENDANT CITY OF PORTLAND'S MOTION FOR SUMMARY JUDGMENT

Josephine Vazquez ("Vazquez Decl.") ¶ 4; Exhibit 5).  A search of the Nebraska Secretary of State Business Records site shows that plaintiff, Andrew Grimm, was a director of MyGarcon, Inc., *d/b/a* KnowTow, Inc.  (Vazquez Decl. ¶¶ 5, 6; Exhibit 6).  The email and letter were solicitations to the City advising it that KnowTow was launching its service for "near-instantaneous notice of impending tows" and that KnowTow would like to work with municipalities to integrate its service with municipal tow practices.  (Vazquez Decl. ¶¶ 3, 4; Exhibit 5).  On December 14, 2017, the same day plaintiff parked his car on SW Hall Street, another email was sent from "The KnowTow Team" to the City, Ms. Reeve, Ms. Sneath and Mayor Wheeler, again soliciting the City to use its service and alleged that the City's "current practices for notifying vehicle owners of a tow are unconstitutional." (Vazquez Decl. ¶ 4; Exhibit 5).  On December 20, 2017 Ms. Sneath sent an email in response, thanking KnowTow for contacting the City but that it did not require tow notification services.  (Vazquez Decl. ¶ 4; Exhibit 5).  During this same time period, plaintiff's car remained illegally parked and was cited and towed as described below.

It is undisputed that plaintiff was unlawfully parked and had expired registration tags dated "Jun 2017," from 0800 on December 15, 2017 until it was towed on December 21, 2017. (Dkt. 1, Complaint ¶¶ 31,32; Dkt. 6, Answer ¶¶ 31, 32, 33; *See* Declaration of Frank Earle ("Earle Decl.") ¶ 3).  Plaintiff was issued six parking citations, four of which were issued for being unlawfully parked in a meter zone without payment of the parking meter fee or allowing his car to remain in a parking meter space longer than the 3-hour designated time limit, and two of which were issued for failure to display current registration tags.  (Dkt. 6, Answer ¶ 33).  All six citations along with the photographs taken by the parking enforcement officers are attached as Exhibit 1.  (Earle Decl. ¶ 10; Exhibit 1).  As defendant Retriever mentioned in its Reply, in his complaint, plaintiff expressly refers this Court to the four citations he received:  Citation No. HA30383285 (issued December 15, 2017), Citation No. HA30925527 (issued December 18,

Page 3 –    DEFENDANT CITY OF PORTLAND'S MOTION FOR SUMMARY JUDGMENT

2017), Citation HA30925545 (issued December 19, 2017), and Citation HA30925607 (issued December 21, 2017). (Dkt. 1, Complaint ¶¶34-37; Earle Decl ¶¶ 4, 5, 6, 8; Exhibit 1). In addition, plaintiff was cited twice for failure to display current registration tags: Citation No. HA30383286 (issued December 15, 2017) and Citation No. HA 30925526 (issued December 18, 2017). (Earle Decl. ¶¶ 4, 5; Exhibit 1).

When Officer Earle issued the third citation on December 19, 2017, he also provided a separate red warning slip/placard with the word "WARNING" in large print on one side and on the other side it provided a warning and notice stating "Your vehicle will be subject to tow/citation if it is not moved. Your cooperation is appreciated." Officer Earle underlined the word "tow" and circled words "tow/citation." (Dkt. 6, Answer ¶¶ 36 and 36(c); Earle Decl. ¶¶ 6, 7). A copy of the type of warning slip/placard used is attached as Exhibit 2. (Earle Decl. ¶ 12; Exhibit 3). Officer Earle issued a fourth citation on December 21, 2017 and also provided a separate red tow slip/placard with the word "TOW" in large print on one side and an order to tow vehicle and underlying information on the other side. (Dkt. 6, Answer ¶¶ 37 and 37(c); Earle Decl. ¶¶ 8, 9). A copy of the type of warning slip/placard used is attached as Exhibit 3. (Earle Decl. ¶ 13; Exhibit 4). A photograph of the red tow slip/placard that was placed on plaintiff's car windshield is attached as Exhibit 2. (Earle Decl. ¶ 11; Exhibit 2).

## III.    LEGAL STANDARD

Fed. R. Civ. P. 56 (a) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to summary judgment as a matter of law. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Sereno-Morales v. Cascade Food Inc.*, 819 F. Supp. 2d 1148, 1150 (D. Or. 2011), citing Fed. R. Civ. P. 56(a) (2011). The moving party has the burden of establishing the absence of a genuine issue of material fact. *Sereno-Morales*, 819 F. Supp. 2d at 1150, citing *Celotex Corp. v. Catrett*, 477 U.S.

Page 4 –    DEFENDANT CITY OF PORTLAND'S MOTION FOR SUMMARY JUDGMENT

317, 323 (1986).  The moving party need only demonstrate that there is an absence of evidence to support the non-moving party's case.  *Batista v. Columbia Cnty.*, 3:12-CV-00920-HZ, 2013 WL 5675214 (D. Or. Oct. 17, 2013), citing *Celotex,* 477 U.S. at 325 (1986).  If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial.  *Sereno-Morales*, 819 F. Supp. 2d at 1150, citing *Celotex*, 477 U.S. at 324.  A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements.  *Sereno-Morales*, 819 F. Supp. 2d at 1150, citing *Hernandez v. Spacelabs Medical, Inc*., 343 F.3d 1107, 1112 (9th Cir. 2003).  Summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Sereno-Morales*, 819 F. Supp. 2d at 1150, citing *Celotex*, 477 U.S. at 322.

## IV.    ARGUMENT

### A.    The City and Its Officers Did Not Violate Plaintiff's Due Process Constitutional Rights

For brevity, the City defendants incorporate by reference defendant Retriever's Motion to Dismiss brief sections two (2) and three (3) as well as Retriever's entire Reply brief, and adopts the same arguments (*See* Dkt. 7, MTD; Dkt. 16, Reply).  In addition, the City defendants incorporate by reference the Court's Opinion and Order "Discussion" section in its entirety. (Dkt. 17, Opinion and Order pp.2-5).  City defendants agree that *Sackman v. City of Los Angeles,* No. CV 15-0090, 2015 WL 13357951 (C.D. Cal. May 8, 2015), *aff'd*, 677 F. App'x 365 (9th Cir. 2017) is similar to plaintiff's claim and is controlling.  Based upon the above referenced materials, it is clear that plaintiff received adequate pre-tow notice when Officers McHenry and Earle placed multiple citations, a warning and tow notice on plaintiff's car windshield prior to it being towed.  Plaintiff has no constitutional due process right to "better notice" by using plaintiff's own KnowTow service for "near-instantaneous notice of impending tows" or by

Page  5  –    DEFENDANT CITY OF PORTLAND'S MOTION FOR SUMMARY JUDGMENT

receiving an email, telephone call, or text prior to having his car towed.

**B.      Even If Plaintiff's Constitutional Rights Were Violated by Officers Mchenry And Earles' Actions, They Are Entitled to Qualified Immunity Because It Would Not Have Been Clear to A Reasonable Officer That the Conduct Was Unlawful in the Situation They Confronted**

The U.S. Supreme Court has held that "[q]ualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation." *Saucier v. Katz,* 533 U.S. 194, 209 (2001), quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).  The protection afforded by qualified immunity provides "an immunity from suit rather than a mere defense to liability." *Id.* at 526. Qualified immunity is intended to protect public officials from undue interference with the performance of their duties and potentially disabling threats of liability. *Elder v. Holloway*, 510 U.S. 510, 514 (1994).  Whether an official is protected by qualified immunity generally turns on the "objective reasonableness" of the action assessed in light of legal rules that were "clearly established" at the time it was taken. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).  In deciding whether the right allegedly violated by the public official was clearly established, courts must look at the particular factual circumstances surrounding the incident and ask whether a reasonable official would understand that what he is doing violates that right. *Id.* at 640.  Most qualified immunity cases deal with police officers instead of parking enforcement officers such as this case, however, the constitutional analysis remains the same.

Historically, the qualified immunity issue involved a sequential two-part analysis.  The first inquiry is whether the record, viewed in the light most favorable to the plaintiff, establishes a constitutional violation. *Hope v. Pelzer*, 536 U.S. 730, 736 (2002); *Saucier*, 533 U.S. at 201. If it does not, the [police] officer has no liability.  If it does, then the second inquiry is whether the [police] officer's actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope*, 536 U.S. at 739, quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  However, in *Pearson v. Callahan*, 555 U.S. 223 (2009), the Supreme Court held that the sequence is no longer mandatory.  Rather courts are permitted to

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

use their discretion in deciding which of the two prongs of the qualified immunity analysis to address first. *Pearson* 555 U.S. at 236.

An [police] officer is entitled to qualified immunity unless prior law gave "fair warning" that his or her conduct was unconstitutional. *Hope,* 536 U.S. at 741. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. If the law did not put the officer on notice that his conduct "would be clearly unlawful," then the officer is entitled to qualified immunity. *Id.* When officials "of reasonable competence could disagree" that such acts were objectively reasonable, qualified immunity attaches. *See Malley v. Briggs,* 475 U.S. 335, 341 (1986). The Court affirmed these principles in *Brosseau v. Haugen,* 543 U.S. 194 (2004). *Brosseau* underscores two precepts of the qualified immunity analysis. First, legal principles governing "clearly established" law providing the constitutional defendant "fair notice" of wrong doing, must be determined in a "particularized" sense. *Id.* at 599. Second, if the constitutional defendant's conduct falls into the "hazy border between [unlawful and lawful conduct]," the defendant is entitled to qualified immunity. *Id.* Importantly, "[q]ualified immunity shields an officer from suit when [he] makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances [he] confronted." *Id.*

As stated previously, the Court has discretion on which prong of the *Saucier* qualified immunity protocol it addresses first. *Pearson* at 236. In this case, it is beneficial to first determine whether a constitutional right was violated before moving to the second question of whether the right was clearly established. Because Officers McHenry and Earles' actions were reasonable as a matter of law, there was no constitutional violation here.

Even if Officers McHenry and Earles' actions were arguably unreasonable under the circumstances, plaintiff cannot show that their actions violated a "clearly established" standard, and that a reasonable officer would have known of that standard. There is no case law that

Page 7 –    DEFENDANT CITY OF PORTLAND'S MOTION FOR SUMMARY JUDGMENT

clearly establishes to a reasonable parking enforcement officer that placing multiple citations, a warning slip/placard and a tow notice slip/placard on an illegally parked car's windshield would be unconstitutional in the situation that confronted by Officers McHenry and Earle.  In fact, there is caselaw establishing that the actions taken by the officers in this case were in fact constitutional.  (*See Sackman v. City of Los Angeles,* No. CV 15-0090, 2015 WL 13357951 (C.D. Cal. May 8, 2015), *aff'd,* 677 F. App'x 365 (9th Cir. 2017); *Clement v. City of Glendale,* 518 F.3d 1090, 1093 (9th Cir. 2008); *Lone Star Security & Video, Inc. v. City of Los Angeles,* 584 F.3d 1232 (9th Cir. 2009); and *Scofield v. City of Hillsborough,* 862 F.2d 759 (9th Cir. 1988). Therefore, Officers McHenry and Earle are entitled to qualified immunity as a matter of law.

## V.    CONCLUSION

Based upon the foregoing, the City defendants' motion for summary judgement should be granted and plaintiff's claim against them should be dismissed with prejudice because there are no facts that plaintiff can allege that will cure the deficiencies in his Complaint.

Dated:  May 15, 2018

Respectfully submitted,

*/s/ Robert Yamachika*
ROBERT YAMACHIKA, OSB # 065560
Senior Deputy City Attorney
Telephone: (503) 823-4047
*Of Attorneys for Defendants City of Portland, L. McHenry, and F. Earle*

Page  8  –    DEFENDANT CITY OF PORTLAND'S MOTION FOR SUMMARY JUDGMENT