Andrew Grimm
agrimm3@gmail.com
15287 Pepperwood Drive
Omaha, NE 68154
Tel: (650) 422-8035

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANDREW GRIMM**,<br>     Plaintiff,<br><br>v.<br><br>**CITY OF PORTLAND, et al.**,<br>     Defendants. | Case No.: 3:18–cv–00183–MO<br><br>Plaintiff Andrew Grimm's<br>OPPOSITION TO THE RULE 56<br>MOTION FOR SUMMARY JUDGMENT<br>filed by Defendant City of Portland<br><br>***Request for Oral Argument*** |

Plaintiff Andrew Grimm hereby opposes the City of Portland's Motion for Summary Judgment (Dkt. #19) ("Motion") but does not oppose this Motion with respect to the Defendant Officers.[1]

The City of Portland ("City" or "Portland") relies upon this Court's Opinion and Order dismissing Retriever Towing ("Order"). See generally Dkt. #17. Thus, Plaintiff will briefly address why that Order was in error. For brevity, Plaintiff also incorporates by reference the arguments in Plaintiff's Opposition to Retriever Towing's Motion to Dismiss (Dkt. #15) and reasserts them here.

//

---

[1] Pursuant to discussions between the City's counsel, Mr. Rob Yamachika, and Plaintiff, the parties have stipulated to the dismissal of Officer McHenry and Officer Earle from this case. As a result, the Court need not address the issue of qualified immunity raised in the Motion.

**I. This Court Applied the Wrong Legal Standard in its Prior Order.**

The fundamental flaw in this Court's prior Order was its reliance on Mathews. See Dkt. #17 at 5 ("Sackman applied the balancing test in Mathews […]).

This Court erred in applying Mathews because cases which "evaluate the adequacy of notice" are among the "***exceptional*** categories in which the Supreme Court has ***held*** the Mathews v. Eldridge analysis ***does not apply***." State of Cal. ex rel. Lockyer v. FERC, 329 F.3d 700, 709 n.8 (9th Cir. 2003) (emphasis added).

To evaluate the adequacy of notice, this Court must instead apply the "Mullane—Jones standard." See Taylor v. Yee, 780 F.3d 928, 937 (9th Cir. 2015), see Chin Yi Tu v. NTSB, 470 F.3d 941, 945 (9th Cir. 2006) (applying Jones v. Flowers, 547 U.S. 220 (2006)).

The Mullane—Jones standard supplies the proper legal test "when the ***only*** question to be decided is whether the government has provided sufficient notice and there is ***no*** request for further procedural safeguards." Nozzi v. Hous. Auth., 806 F.3d 1178, 1193 n.17 (9th Cir. 2015) (emphasis added).

Here, the ***only*** question to be decided is whether the government has provided sufficient notice. There is ***no*** request for further procedural safeguards. See Pl.'s Compl. ¶¶ 136-154. Thus, this Court erred in applying Mathews in its prior Order and it would be error to apply Mathews again for this Motion.

Ninth Circuit authority requires that this Court must apply the Mullane—Jones standard.

**II. Applying the Right Legal Standard, This Case Is Easy.**

Application of the Mullane—Jones standard is dispositive in Plaintiff's favor.

Under the Mullane—Jones standard, if attempted notice is "unclaimed, the government ***must*** take ***additional steps*** to insure notice, ***if*** it is ***practicable*** to do so." Chin Yi Tu, 470 F.3d at 945 (9th Cir. 2006) (emphasis added) (citing Jones v. Flowers).

In its prior Order, this Court cited Jones v. Flowers for the proposition that actual notice is not required. Dkt. #17 at 3. This is true, ***but*** Jones holds quite a bit more than that, as the Ninth Circuit has reiterated:

> Due process does ***not*** require the FAA to provide a pilot with ***actual notice*** before taking adverse action with respect to his or her pilot's license. See Jones, 126 S. Ct. at 1713. ***Due process, however, does require notice reasonably calculated, under all the circumstances***, to provide a pilot notice of an adverse action […]

Chin Yi Tu, 470 F.3d at 945 (9th Cir. 2006) (emphasis added).[2] And, under Jones, notice ***cannot*** be reasonably calculated unless the government's attempts at notice meet the following constitutional requirements:

> (1) if attempted notice is "unclaimed, the government ***must*** take ***additional steps*** to insure notice, ***if*** it is ***practicable*** to do so," ***and***
>
> (2) "the government ***must*** consider ***unique information*** about an intended recipient ***regardless*** of whether a statutory scheme is reasonably calculated to provide notice in the ordinary case."

Chin Yi Tu, 470 F.3d at 945 (emphasis added with internal brackets omitted) (quoting Jones).

---

[2] Chin Yi Tu involved a pilot's license. However, the Mullane—Jones applies to questions of the adequacy of notice for governmental property deprivations ***regardless*** of the type of property at stake: the "leading cases on notice have evaluated the adequacy of notice given to beneficiaries of a common trust fund; a mortgagee; owners of seized cash and ***automobiles***; creditors of an estate; and tenants living in public housing." Jones v. Flowers, 547 U.S. 220, 229 (2006) (emphasis added, citations omitted). It is the legal issue, not the type of property, that determines the applicable test. See Section I, *infra.* Moreover, that a tow is usually temporary does not matter: it is "well settled that a temporary, nonfinal deprivation of property is nonetheless a 'deprivation' in the terms of the Fourteenth Amendment." Fuentes v. Shevin, 407 U.S. 67, 85 (1972).

Under Mullane—Jones, one such "additional reasonable step[]" is for the government to consult its own ***database***. Taylor, 780 F. 3d at 938 (The Controller "does take additional reasonable steps to notify the owners, if practicable to do so. If provided with a Social Security number, the Controller utilizes the Franchise Tax Board's database to determine if there is a more current address." (internal quotations, citations, and brackets omitted)).

Moreover, the Mullane—Jones standard must be satisfied "***before*** an individual's control of his property is disturbed," *i.e.*, ***before*** Portland towed Plaintiff's car. Taylor, 780 F.3d at 934 (9th Cir. 2015) (emphasis in original).

Applying the Ninth Circuit's clear commands under Jones to the present case, this case is easy:

(1) because Portland knew that whatever materials[3] Portland had posted to Plaintiff's car were ***unclaimed***, Declaration of Andrew Grimm ("Grimm Decl.") ¶¶ 11-13, Portland was required to take ***additional steps*** to insure notice—including to consult its own mobile-parking app's ***database***—***if*** it was ***practicable*** to do so, ***and***

(2) ***regardless*** of Portland's City Code, Portland needed to consider ***unique information*** about Plaintiff, including that:

---

[3] There is one factual dispute in this case, but it is not a material fact. The City asserts that Officer Earle left a red "WARNING" placard on Plaintiff's vehicle two days before it was towed. Declaration of Frank Earle ("Earle Decl.") ¶ 7 (asserting that the red "WARNING" placard was placed on Plaintiff's car), see also id. ¶ 12 Ex. 3 (a blank "exemplar" of a red "WARNING" placard, but this particular placard is not filled out and was not used in this case).

Plaintiff has never seen evidence of this red "WARNING" placard, and the failure of Retriever Towing to provide Plaintiff with any such "WARNING" placard suggests it was never placed there. Grimm Decl. ¶¶ 11-13. Regardless, even if Portland has posted this red "WARNING" placard, the placard makes no legal difference under the Mullane—Jones standard. Repetitious postings that are unclaimed are constitutionally inadequate under Greene and Jones. See Chin Yi Tu, 470 F.3d at 945 (quoting Jones), Greene v. Lindsey, 456 U.S. 444, 453 (1982) ("But whatever the efficacy of posting in many cases […]").

>  (a) Portland's attempts to provide notice by posting materials on Plaintiff's car were unclaimed, Grimm Decl. ¶¶ 11-13, and
>
>  (b) Plaintiff was a registered user of "Parking Kitty: Portland's Mobile Parking App" ("Parking Kitty"), Grimm Decl. ¶ 5, and
>
>  (c) Portland, through its own mobile-parking app, Parking Kitty, had requested and received Plaintiff's cellphone number and email address in association with Plaintiff's license plate, Grimm Decl. ¶¶ 4-5, and
>
>  (d) therefore, Plaintiff's contact information was contained in Parking Kitty's database, Grimm Decl. ¶ 5.

Yet, Portland simply towed Plaintiff's car instead of consulting contact information that Portland had obtained through Parking Kitty. Portland towed Plaintiff's car knowing that Plaintiff had not received notice of the tow, but Portland took no further steps to attempt notice until after the tow.

Thus, applying the proper legal standard makes this case easy: <u>the ***only*** legal question this Court must determine in applying the *Mullane—Jones* standard is whether a phone call, text message, email, *or* app notification was ***practicable*** during the days-long timeframe Portland was contemplating a tow and aware that their postings on Plaintiff's car were unclaimed.</u>

### III. *Sackman* Does Not Apply and Cannot Decide This Motion.

This Court's prior Order was largely predicated on <u>Sackman v. City of Los Angeles</u>, No. CV 15—0090, 2015 WL 13357951 (C.D. Cal. May 8, 2015), <u>aff'd</u>, 677 F. App'x 365 (9th Cir. 2017). <u>See</u> Dkt. #17 at 2-5. Reliance upon <u>Sackman</u>, however, was error.

A. Sackman *Applied the Wrong Legal Standard for This Case.*

Sackman applied Mathews. 2015 WL 13357951, at *4.

But, Ninth Circuit precedent requires that this Court apply the Mullane—Jones standard to the present case, as discussed above. See Section I, *infra*.

Sackman involved claims about "***both*** her substantive and procedural due process rights." Sackman, 2015 WL 13357951, at *3 (emphasis added). The present case, however, involves ***only*** the question of "the adequacy of notice" and is therefore among the "***exceptional*** categories in which the Supreme Court has ***held*** the Mathews v. Eldridge analysis ***does not apply***." State of Cal. ex rel. Lockyer, 329 F.3d 700, 709 n.8 (9th Cir. 2003) (emphasis added).

B. Sackman*'s Facts Make It Entirely Distinguishable from This Case.*

The present case raises novel factual circumstances never decided in the Ninth Circuit—and certainly not addressed in Sackman.

The present case involves "Parking Kitty: Portland's Mobile Parking App". Grimm Decl. ¶¶ 4a-e, Exhibits 2-6. Portland, via Parking Kitty, collected Plaintiff's personal ***contact information***—Plaintiff's cellphone number and email address—in connection with Plaintiff's license plate. Grimm Decl. ¶ 5. Portland, via Parking Kitty, had the capability to send in-app notifications directly to Plaintiff's phone. Grimm Decl. ¶ 5. In fact, Portland's parking officers use a "handheld device" in their line of duty. Grimm Decl. ¶ 4b, Ex. 3.

By contrast, in Sackman, there was ***no*** mobile-parking app, ***no*** cellphone number, and ***no*** email address. See generally Sackman, 2015 WL 13357951 at *1-*2. In Sackman, there was ***no suggestion*** that the City of Los Angeles had Ms. Sackman's personal contact information or that Los Angeles parking officers used a handheld device in their line of duty. See generally id.

These are not distinctions without a difference. Portland's possession of Plaintiff's personal contact information is legally important. See Taylor, 780 F.3d at 936 (9th Cir. 2015) ("The [U.S. Supreme] Court found there were 'several reasonable steps the State could have taken,' and that '[w]hat steps are reasonable in response to new ***information*** depends upon what the new ***information*** reveals.'" (emphasis added)). And again, consulting a ***database*** is a reasonable additional step when information suggests contact information is contained in that database. See Taylor, 780 F.3d at 938 (9th Cir. 2015).

### C. Sackman *Involved an Entirely Different Legal Issue Than This Case.*

Sackman was about notice ***of the law***, *i.e.*, notice of the enacted legislation itself. The present case is about notice ***of the tow***, *i.e.*, notice of a specific property deprivation.

Ms. Sackman had "assert[ed] that posted signs informing her ***of the ordinance*** are required to provide constitutionally adequate notice." Sackman, 2015 WL 13357951, at *4 (emphasis added). The Ninth Circuit properly rejected Ms. Sackman's claim by focusing on how "a ***legislature***" provides sufficient notice of a law it has enacted, but ***not*** discussing how to provide notice of property deprivation under that law. Sackman v. City of Los Angeles, 677 F. App'x. 365, 366 (9th Cir. 2017) (emphasis added). By contrast, Plaintiff's claim here is about notice ***of the tow***.

The difference in these claims is especially apparent because the proposed remedies are entirely different:

- Ms. Sackman wanted a ***new*** street sign on every corner. See Sackman, 2015 WL 13357951 at *13 n.7 ("[S]he fails to address the fiscal and administrative burdens

> to the City of posting these signs everywhere that the ordinance is applicable, *i.e.*, every highway, street, and alley in Los Angeles.").

- Plaintiff's claim here originates in the City's failure to use its own ***existing*** app, Parking Kitty, or the personal contact information Portland ***already had***. Grimm Decl. ¶¶ 4-5, 11-14.

In fact, it is ***impossible*** that Ms. Sackman's notice claim is the same as Plaintiff's: "posted signs" could ***not*** have warned Ms. Sackman of the ***tow*** itself because the City of Los Angeles was not contemplating towing her vehicle until ***after*** her van was violating the 72-hour rule. Ms. Sackman wanted warning of a law she was unaware of. By contrast, Plaintiff's claim demands notice of the tow, a specific property deprivation.

In fact, <u>Mullane</u>, of the <u>Mullane</u>—<u>Jones</u> standard, ***rejected*** a defendant's contention that notice of the law could cure insufficient notice of the property deprivation under that law. <u>Mullane v. Cent. Hanover Bank & Tr. Co.</u>, 339 U.S. 306, 318 (1950) ("Certainly sending them a copy of the statute months and perhaps years in advance does not answer this purpose.").

Portland's constitutional failure here was to tow Plaintiff's car without providing sufficient notice ***of the specific tow of Plaintiff's car***, not the general laws upon which the tow was based. Conflating notice of the tow with notice of laws, as the Court did in its prior Order, is error.

In sum, <u>Sackman</u> involved a different legal standard, different material facts, and different legal issues. It cannot control this case. Instead of relying upon <u>Sackman</u>, this Court must do as the Ninth Circuit requires: apply <u>Chin Yi Tu v. NTSB</u>, 470 F.3d 941 (9th Cir. 2006), and <u>Taylor v. Yee</u>, 780 F.3d 928 (9th Cir. 2015), the principal Ninth Circuit decisions applying the <u>Mullane</u>—<u>Jones</u> standard.

## IV. Issues Raised Before Are Hereby Expressly Raised Anew and Preserved.

For brevity, Plaintiff has incorporated by reference the arguments in Plaintiff's Opposition to Retriever Towing's Motion to Dismiss (Dkt. #15) and reasserted them here. Moreover, Plaintiff hereby explicitly preserves the following issues that were raised in that brief or in this Court's Order:

- Whether the <u>Mullane</u> standard or <u>Mathews</u> test supplies the proper legal test for notice of a tow;

- Whether parking citations—which make no mention of a tow—are attempted notice of a tow;

- Whether the City failed to meet the <u>Mullane</u> standard because it relied solely on methods of notice that it had good reason to suspect were ineffective—especially whether parking citations which the City knew Plaintiff had not received provided constitutionally sufficient notice of the tow;

- Whether the City failed to meet the <u>Mullane</u> standard because it used methods to provide notice that are substantially less likely to achieve notice than alternative methods—especially whether the City's failure to consult its mobile-parking app database was unlawful;

- Whether the City failed to meet the <u>Mullane</u> standard because it could have easily and practicably provided actual notice and chose not to;

- Whether <u>Mathews</u> must be reapplied in light of fundamentally different facts, especially the City's possession of personal contact information, a mobile-parking

application, parking officers' use of handheld devices, etc. and whether it leads to a different result here.

                                                      Respectfully submitted,

Dated: May 29, 2018                s/Andrew Grimm
                                                  Andrew Grimm

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Plaintiff Andrew Grimm's OPPOSITION TO THE RULE 56 MOTION SUMMARY JUDGMENT filed by Defendant City of Portland on:

    Mr. Robert Yamachika
    Deputy City Attorney
    Office of City Attorney
    1221 SW 4th Ave, Suite 430
    Portland, OR 97204
    Email: Rob.Yamachika@portlandoregon.gov
    Telephone: (503) 823-4047
    Facsimile: (503) 823-3089
        *Of Attorney for Defendants City of Portland,*
        *L. McHenry, and F. Earle*

    Mr. Matthew Lowe
    Jordan Ramis PC
    Two Centerpointe Drive, 6th Floor
    Lake Oswego, OR 97035
    Email: matthew.lowe@jordanramis.com
    Telephone: (503) 598-7070
    Facsimile: (503) 598-7373
        *Of Attorney for Retriever Towing*

by **electronic filing** in CM/ECF.

Dated: May 29, 2018                  s/Andrew Grimm
                                      Andrew Grimm
                                      Pro Se Plaintiff