ROBERT YAMACHIKA, OSB 065560
Senior Deputy City Attorney
Email: Rob.Yamachika@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Room 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants City of Portland,
L. McHenry, and F. Earle*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **ANDREW GRIMM,** | 3:18-cv-183 MO |
| **PLAINTIFF,** | |
| v. | **CITY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| **CITY OF PORTLAND, L. MCHENRY, F. EARLE, AND RETRIEVER TOWING** | |
| **DEFENDANTS.** | |

Defendants City of Portland, Parking Enforcement Officers Lindsey McHenry and Frank Earle ("City defendants") reply to Plaintiff's Opposition to the Rule 56 Motion for Summary Judgment (Dkt. 22, "Response") as follows.

### A.     <u>The Parties Agree that the Individually Named Defendants are Entitled to Qualified Immunity and Should be Dismissed.</u>

Plaintiff concedes defendants McHenry and Earle are entitled to qualified immunity and does not oppose the City defendants' Motion for Summary Judgment with respect to them. Therefore, they should be dismissed with prejudice.

/////

/////

Page  1  –    CITY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**B.  The Court Previously Applied the Correct Legal Standard and Caselaw in its Decision to Dismiss Defendant Retriever Towing and Defendant City of Portland Should be Dismissed as Well.**

Defendant Retriever Towing previously briefed in detail why the *Mathews v. Eldridge,* 424 U.S. 319 (1976) three-part due process balancing test applies rather than the "reasonableness under the circumstances" standard set forth in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306 (1950) in section one of its Reply brief, which, the City defendants incorporated by reference and adopted in its opening brief.  (Dkt. 16, Reply).  The City defendants rely on that prior briefing, which makes it clear that *Mathews* is the applicable legal standard to apply in the towing context.  As this Court pointed out in its prior Opinion and Order, a California district court rejected a similar claim in *Sackman v. City of Los Angeles,* No. CV 15-0090, 2015 WL 13357951 (C.D. Cal. May 8, 2015), *aff'd,* 677 F. App'x 365 (9th Cir. 2017).  In *Sackman,* the Ninth Circuit correctly applied the *Mathews* balancing test, not the *Mullane* standard argued by plaintiff.

In this case, plaintiff received adequate pre-tow notice when Officers McHenry and Earle placed multiple citations, a warning and tow notice on plaintiff's vehicle windshield prior to it being towed.  Plaintiff has no constitutional due process right to "better notice" by using plaintiff's own KnowTow service for "near-instantaneous notice of impending tows" or by receiving an email, telephone call, or text prior to having his car towed.  Plaintiff argues that because he was a registered user of Parking Kitty, which allows users to pay parking fees with a mobile parking application on a smart phone, the City had his contact information and should have contacted him prior to his car being towed.  First, plaintiff wrongly assumes that a parking enforcement officer can access Parking Kitty user information (much less their phone number or email) other than if they have paid the appropriate parking fee or not.  Second, parking enforcement merely tickets the vehicle without knowing who the registered owner of the vehicle may be.  In addition, if the City were to call or text a vehicle owner prior to giving them a ticket

or towing a vehicle, as plaintiff suggests, it is not hard to imagine that there would be unnecessary confrontations between vehicle owners and parking enforcement officers.

Even if it was possible for the City defendants to gain possession of a person's contact information from the Parking Kitty application, there is no caselaw that suggests that the long-standing practice of placing a ticket or notice on the windshield of a parked vehicle before towing it does not satisfy due process requirements. As pointed out by defendant Retriever Towing in its brief, *Dusenberry v. U.S.,* 534 U.S. 161 (2002) refutes plaintiff's argument that advances in technology demand that the Court reject less tech-savvy notice, noting that the Supreme Court has "never held that improvements in the reliability of new procedures necessarily demonstrate, the infirmity of those that were replaced. Other areas of the law, moreover, have from strong policy reasons resisted rules crediting the notion that, 'because the world gets wiser as it gets older, therefore it was foolish before.'" *Dusenbery,* at 172.

Contrary to plaintiff's arguments, *Sackman* is applicable and stands on all fours with this case. As in *Sackman,* plaintiff does not dispute that the City gave him notice prior to towing his vehicle. In *Sackman,* the court stated:

> Sackman does not dispute that the City gave her notice. According to the Complaint, the officer left a citation on the Van after it had been parked in the same spot for 72 hours or more, and the officer towed the Van approximately 48 hours after leaving the citation on it**. Having been given notice, Sackman fails as a matter of law to state a claim for violation of her procedural due process rights. Sackman argues that she should have been given** *better* **notice than what the City provided. But, as discussed** *supra***, the courts that have considered this issue in similar contexts have found that notice in the form of a citation is sufficient to meet the requirements of procedural due process.** [footnote omitted] Sackman has thus failed to allege a violation of her procedural due process rights.

*Sackman,* 2015 WL 13357951 at *5. (Emphasis added, italics in original).

/////

Page 3 –   CITY DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Just as in *Sackman,* plaintiff argues he should have been given "better" notice than what the City provided. However, *Sackman* makes it clear that notice in the form of a citation is sufficient to meet the requirements of procedural due process.

## CONCLUSION

Based upon the foregoing, the City defendants' motion for summary judgement should be granted and plaintiff's claim against them should be dismissed with prejudice because there are no facts that plaintiff can allege that will cure the deficiencies in his Complaint.

Dated:  June 6, 2018

Respectfully submitted,

*/s/ Robert Yamachika*
ROBERT YAMACHIKA, OSB # 065560
Senior Deputy City Attorney
Telephone: (503) 823-4047
*Of Attorneys for Defendants City of Portland, L. McHenry, and F. Earle*