```
                   IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON

ANDREW GRIMM,                      )
                                   )
            Plaintiff,             )   Case No. 3:18-cv-00183-MO
                                   )
     v.                            )
                                   )
CITY OF PORTLAND, L. MCHENRY,      )   July 17, 2018
F. EARLE, and RETRIEVER            )
TOWING,                            )
                                   )
            Defendants.            )   Portland, Oregon
_____)
```

Oral Argument

TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE MICHAEL W. MOSMAN

UNITED STATES DISTRICT COURT CHIEF JUDGE

```
 1
 2                              APPEARANCES
 3
 4   FOR THE PLAINTIFF:    Mr. Andrew Grimm, pro se (by telephone)
                           15287 Pepperwood Drive
 5                         Omaha, NE 68154
 6
 7
 8   FOR THE DEFENDANT:    Mr. Robert T. Yamachika
                           City Attorney's Office
 9                         1221 S.W. Fourth Avenue, Room 430
                           Portland, OR 97204
10
11
12
13   COURT REPORTER:       Bonita J. Shumway, CSR, RMR, CRR
                           United States District Courthouse
14                         1000 S.W. Third Ave., Room 301
                           Portland, OR  97204
15                         (503) 326-8188
16
17
18
19
20
21
22
23
24
25
```

```
 1                      (P R O C E E D I N G S)
 2                      (July 17, 2018; 2:22 p.m.)
 3              THE CLERK:  Your Honor, this is the time and place
 4   set for oral argument in Case No. 3:18-cv-183-MO, Andrew Grimm
 5   v. the City of Portland, et al.
 6              Counsel and party, can you introduce yourself for the
 7   record.
 8              THE COURT:  Go ahead.
 9              MR. YAMACHIKA:  Good afternoon, Your Honor.  Robert
10   Yamachika for defendant City of Portland, Parking Officers
11   McHenry and Earle.
12              THE COURT:  Thank you.
13              Mr. Grimm, you're on the phone?
14              MR. GRIMM:  Yes, Your Honor.  Andrew Grimm.  I'm the
15   plaintiff in this case.
16              THE COURT:  All right.  Are you on a speaker phone,
17   Mr. Grimm?
18              MR. GRIMM:  I'm not.
19              THE COURT:  If you'd keep your voice up.  It's pretty
20   hard to hear what you're saying.
21              MR. GRIMM:  Okay.  I'll speak loudly.
22              THE COURT:  Thank you.
23              So we're here on the City of Portland's motion for
24   summary judgment, and in light of what's happened before,
25   Mr. Grimm, if I understand your argument, you want me to apply
```

1  what's been called the *Mullane* due process standard to this
2  context differently as to the City of Portland -- that is, a
3  different due process standard as to the City of Portland --
4  than I applied to the towing company.  Is that right?  Do I
5  understand your argument correctly that way?
6              MR. GRIMM:  Well, Your Honor, my argument is that the
7  *Mullane-Jones* standard would apply -- would apply to the issue
8  of the adequacy of notice.  So I think that -- respectfully, I
9  assert that it would apply to both -- to all the parties that
10 were named in the complaint.
11             THE COURT:  All right.  So I just want to be clear,
12 though, your argument depends on me coming out differently on
13 this issue for the City of Portland than I did with the towing
14 company, right?
15             MR. GRIMM:  Yes, Your Honor, because I think the
16 applicable standard, as the Ninth Circuit understands it, when
17 the only question to be decided is the adequacy of notice, is
18 the *Mullane* standard.
19             Respectfully, I also made arguments in the opposition
20 to Retriever Towing 12(b)(6) as to why I think that the case is
21 factually distinct from any other cases.  So I think that even
22 under an application of the *Mathews* standard, the case would
23 turn differently than prior case law, but I think it's an even
24 easier case in my favor if you apply the *Mullane-Jones*
25 standard.

```
 1              THE COURT:  All right.
 2              MR. GRIMM:  And I think that's the standard that must
 3   be applied.
 4              THE COURT:  And so, for example, what do you think
 5   makes this case factually different than Sackman v. City of Los
 6   Angeles?
 7              MR. GRIMM:  Well, I allude to a couple of factors.  I
 8   think first in Sackman v. City of Los Angeles, there is no
 9   suggestion in the case anywhere that the City of Los Angeles
10   had the personal contact information of Ms. Sackman when they
11   towed her vehicle.  There's no suggestion that the parking
12   enforcement officers are carrying around handheld devices, that
13   they received email address, cell phone number, and also that
14   the -- that Ms. Sackman had downloaded an app to her phone put
15   out by the City of Los Angeles, that the City of Los Angeles
16   had used on prior occasions to contact her about her parking.
17              By contrast, in this case, all of those factors are
18   relevant here.
19              THE COURT:  So the Ninth Circuit has held in other
20   contexts that attaching a citation to the windshield of an
21   individual's car prior to towing it provides adequate notice
22   for due process purposes even if the individual doesn't see the
23   citation -- that is, even if the individual doesn't make it
24   back to his or her car before it's eventually towed.  And your
25   argument, in part, is that if factually providing pre-towing
```

1  notice, more than a citation -- that is, let's say, for
2  example, a text or an email -- has over time become more
3  available to a city, that those holdings are no longer good
4  law.  Is that the idea?
5              MR. GRIMM:  Well, in addition, Your Honor, all of
6  those cases involved additional claims beyond the adequacy of
7  notice.  And I could walk you through each of them.  For
8  example --
9              THE COURT:  I don't need to know about other claims
10 that are dealt with.  I am just interested in what other courts
11 in the Ninth Circuit have done with this claim, adequacy of
12 notice.
13             MR. GRIMM:  Well, Your Honor, so in -- I point you to
14 *Nozzi v. Housing Authority*.  That's 806 F.3d 1178, Note 17,
15 where it points out when the only question is the adequacy of
16 notice, the *Mullane* standard must be applied.  And by contrast,
17 in all of the cases cited by the -- Retriever Towing and
18 incorporated by the City -- so *Scofield*, *Clement*, *Lone Star*,
19 and in *Sackman* itself -- there are additional claims about
20 hearing or state law claims or the Fourth Amendment authority
21 to tow.  So, in the very least, the Ninth Circuit has
22 interpreted the *Dusenberry* case to mean when the only question
23 is the adequacy of notice, it must apply the *Mullane* standard.
24             But I would say it's broader than that, because it's
25 dependent claim by claim.  If you look at *Lockyer v. FERC*, Your

1  Honor, this is an exceptional case where the Supreme Court has
2  held that the *Mathews v. Eldridge* analysis does not apply.
3          THE COURT: All right. Thank you very much.
4          Mr. Yamachika.
5          MR. YAMACHIKA: Thank you, Your Honor. Do you mind
6  if I sit so I'm closer to the mics?
7          THE COURT: That's fine.
8          MR. YAMACHIKA: Well, the City's position, the City
9  defendant's position is that the most recent case from the
10 Ninth Circuit, *Sackman v. City of Los Angeles* from 2017,
11 clearly states that the applicable test --
12         THE COURT: Would you slow down while you're reading,
13 please, for the court reporter.
14         MR. YAMACHIKA: Sorry, Ms. Shumway.
15         The applicable standard is the *Mathews* test. It's
16 fairly clear when you apply it to towing cases, in particular
17 pre-towing notice cases. It sounds like there's a little bit
18 different twist on it if it's a post-towing notice or hearing,
19 which we're not talking about that, just to be clear. It's a
20 pre-towing notice.
21         The -- there's nothing in the case law that says that
22 traditional method of placing parking citations -- in this case
23 four of those -- in addition, our parking enforcement officers
24 placed a warning placard. There's an exemplar in the record
25 attached to my motion of the warning. And then a few days

```
 1   later, they actually placed a tow notice.  So those were two
 2   additional notices of tow.
 3           The *Sackman* case makes it clear that just because a
 4   person doesn't get actual notice by coming back -- in that
 5   case, she went on a trip out of town, returned after more than
 6   72 hours, and her car was no longer there.
 7           One of the distinctions from *Sackman* I think that's
 8   important, Mr. Grimm has mentioned this signing up for the
 9   parking app that the City has to pay with your mobile device.
10   I don't believe in *Sackman* she was parked in a metered zone.
11   It's probably just that you can't park on a city street for
12   longer than 72 hours before your vehicle needs to be moved.  I
13   think Portland has a similar ordinance.
14           However, in this case there's no dispute that
15   Mr. Grimm parked his car in the evening, paid up until
16   7:00 p.m.  The Parking Kitty application notified him that his
17   time was up.  He was actually legally parked until 8:00 in the
18   morning, because you can park overnight because there's no fee
19   for parking from 7:00 until 8:00, and then from 8:00 until his
20   tow, he admits that he was illegally parked.
21           It's clear from the supplemental facts that I
22   included in our motion that Mr. Grimm was somewhat -- somehow
23   involved in this KnowTow pre-tow notification application or
24   software that he would like the City of Portland to use.
25   Respectfully, the City declined to sign up for that service,
```

1   and I think the pre-tow notice requirement that this KnowTow
2   application purports to provide is not required under current
3   Ninth Circuit law.
4           And in my brief, and Mr. Grimm's surreply, he
5   mentions that in my reply, I pointed out that plaintiff
6   wrongfully assumes that the parking enforcement officers can
7   see the actual email address or telephone contact information
8   in the Parking Kitty app.  I don't think that's a material
9   dispute that -- material fact that would somehow preclude this
10  motion for summary judgment.  We can assume, in the light most
11  favorable to plaintiff, that let's say they did have that
12  information that comes up on their handheld device.  Under
13  *Sackman*, there's no obligation that any city parking
14  enforcement officer attempt to contact someone before giving
15  him a ticket or towing them.  I think if you Google "parking
16  enforcement and conflicts with people," I think it's not a far
17  stretch to assume that if people are being alerted that they're
18  getting a ticket or being towed, that that could lead to
19  confrontations between parking enforcement officers and people
20  that are parking on the street.  They could be verbal and some
21  have been physical.  So it wouldn't be hard for me to get a
22  declaration from some of our parking enforcement officers.
23          THE COURT:  Well, you didn't do that, so I'm not
24  going to rely on that argument.
25          MR. YAMACHIKA:  Sure.

1       So, in short, Your Honor, we believe the Court
2  properly applied *Sackman* in the motion to dismiss for Retriever
3  Towing, and we rely on that case, as well as Retriever Towing's
4  briefing and the Court's prior opinion.
5       THE COURT:  Thank you.
6       So I want to make clear I'm only going with the
7  arguments that were raised and not new factual assertions, and
8  I am analyzing this case in the light most favorable to the
9  nonmoving party.
10      I grant the City of Portland's motion for summary
11 judgment.  The standard plaintiff wants me to apply here is the
12 wrong standard under Ninth Circuit law for due process analysis
13 of towing here, and it would also require me to apply a
14 different standard to the City than I already applied in this
15 case to Retriever Towing, and I decline to do so.
16      There may come a day when notification of some kind
17 beyond the ticket for towing, which raises due process concerns
18 that a parking ticket by itself doesn't raise, may become so
19 ridiculously easy to do that it may be some day required, but
20 that day hasn't come yet, and if it did come, this would be the
21 worst case to apply it in, given the actual facts, the
22 undisputed facts here.  So I therefore grant the City's motion
23 for summary judgment.
24      Thank you.  We'll be in recess.
25      MR. YAMACHIKA:  Thank you, Your Honor.

1            THE CLERK:  This court is in recess.

2            (Proceedings concluded at 2:34 p.m.)

```
 1
 2                             --o0o--
 3
 4         I certify, by signing below, that the foregoing is a
 5   correct transcript of the record of proceedings in the
 6   above-entitled cause.  A transcript without an original
 7   signature or conformed signature is not certified.
 8
 9
     /s/Bonita J. Shumway                   September 10, 2018
10   _____       _____
     BONITA J. SHUMWAY, CSR, RMR, CRR       DATE
11   Official Court Reporter
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**MR. GRIMM: [9]**  3/13 3/17 3/20 4/5 4/14 5/1 5/6 6/4 6/12
**MR. YAMACHIKA: [6]**  3/8 7/4 7/7 7/13 9/24 10/24
**THE CLERK: [2]**  3/2 10/25
**THE COURT: [15]**

**-**

**--o0o [1]**  12/2

**/**

**/s/Bonita [1]**  12/9

**1**

**10 [1]**  12/9
**1000 [1]**  2/14
**1178 [1]**  6/14
**12 [1]**  4/20
**1221 [1]**  2/9
**15287 [1]**  2/4
**17 [3]**  1/6 3/2 6/14

**2**

**2017 [1]**  7/10
**2018 [3]**  1/6 3/2 12/9
**2:22 [1]**  3/2
**2:34 [1]**  11/2

**3**

**301 [1]**  2/14
**326-8188 [1]**  2/15
**3:18-cv-00183-MO [1]**  1/4
**3:18-cv-183-MO [1]**  3/4

**4**

**430 [1]**  2/9

**5**

**503 [1]**  2/15

**6**

**68154 [1]**  2/5

**7**

**72 [2]**  8/6 8/12
**7:00 [1]**  8/19
**7:00 p.m [1]**  8/16

**8**

**806 [1]**  6/14
**8188 [1]**  2/15
**8:00 [1]**  8/19
**8:00 in [1]**  8/17
**8:00 until [1]**  8/19

**9**

**97204 [2]**  2/9 2/14

**A**

**about [4]**  5/16 6/9 6/19 7/19
**above [1]**  12/6
**above-entitled [1]**  12/6
**actual [3]**  8/4 9/7 10/21
**actually [2]**  8/1 8/17
**addition [2]**  6/5 7/23
**additional [3]**  6/6 6/19 8/2
**address [2]**  5/13 9/7
**adequacy [6]**  4/8 4/17 6/6 6/11 6/15 6/23
**adequate [1]**  5/21
**admits [1]**  8/20
**after [1]**  8/5
**afternoon [1]**  3/9
**ahead [1]**  3/8
**al [1]**  3/5
**alerted [1]**  9/17
**all [8]**  3/16 4/9 4/11 5/1 5/17 6/5 6/17 7/3
**allude [1]**  5/7
**already [1]**  10/14
**also [3]**  4/19 5/13 10/13
**am [2]**  6/10 10/8
**Amendment [1]**  6/20
**analysis [2]**  7/2 10/12
**analyzing [1]**  10/8
**ANDREW [4]**  1/3 2/4 3/4 3/14
**Angeles [6]**  5/6 5/8 5/9 5/15 5/15 7/10
**any [2]**  4/21 9/13
**anywhere [1]**  5/9
**app [3]**  5/14 8/9 9/8
**APPEARANCES [1]**  2/2
**applicable [3]**  4/16 7/11 7/15
**application [4]**  4/22 8/16 8/23 9/2
**applied [5]**  4/4 5/3 6/16 10/2 10/14
**apply [11]**  3/25 4/7 4/7 4/9 4/24 6/23 7/2 7/16 10/11 10/13 10/21
**are [8]**  3/16 5/12 5/17 6/3 6/10 6/19 9/17 9/20
**argument [8]**  1/15 3/4 3/25 4/5 4/6 4/12 5/25 9/24
**arguments [2]**  4/19 10/7
**around [1]**  5/12
**as [6]**  4/2 4/3 4/16 4/20 10/3 10/3
**assert [1]**  4/9
**assertions [1]**  10/7
**assume [2]**  9/10 9/17
**assumes [1]**  9/6
**at [2]**  6/25 11/2
**attached [1]**  7/25

## A

**attaching [1]** 5/20
**attempt [1]** 9/14
**Attorney's [1]** 2/8
**authority [2]** 6/14 6/20
**available [1]** 6/3
**Ave [1]** 2/14
**Avenue [1]** 2/9

## B

**back [2]** 5/24 8/4
**be [11]** 4/11 4/17 5/3 6/16 7/19 8/12 9/20 9/21 10/19 10/20 10/24
**because [5]** 4/15 6/24 8/3 8/18 8/18
**become [2]** 6/2 10/18
**been [2]** 4/1 9/21
**before [5]** 1/17 3/24 5/24 8/12 9/14
**being [2]** 9/17 9/18
**believe [2]** 8/10 10/1
**below [1]** 12/4
**between [1]** 9/19
**beyond [2]** 6/6 10/17
**bit [1]** 7/17
**Bonita [3]** 2/13 12/9 12/10
**both [1]** 4/9
**brief [1]** 9/4
**briefing [1]** 10/4
**broader [1]** 6/24
**but [3]** 4/23 6/24 10/19

## C

**called [1]** 4/1
**can [4]** 3/6 8/18 9/6 9/10
**can't [1]** 8/11
**car [4]** 5/21 5/24 8/6 8/15
**carrying [1]** 5/12

**case [22]**
**cases [5]** 4/21 6/6 6/17 7/16 7/17
**cause [1]** 12/6
**cell [1]** 5/13
**certified [1]** 12/7
**certify [1]** 12/4
**CHIEF [1]** 1/18
**Circuit [7]** 4/16 5/19 6/11 6/21 7/10 9/3 10/12
**citation [3]** 5/20 5/23 6/1
**citations [1]** 7/22
**cited [1]** 6/17
**city [24]**
**City's [2]** 7/8 10/22
**claim [3]** 6/11 6/25 6/25
**claims [4]** 6/6 6/9 6/19 6/20
**clear [6]** 4/11 7/16 7/19 8/3 8/21 10/6
**clearly [1]** 7/11
**Clement [1]** 6/18
**closer [1]** 7/6
**come [3]** 10/16 10/20 10/20
**comes [1]** 9/12
**coming [2]** 4/12 8/4
**company [2]** 4/4 4/14
**complaint [1]** 4/10
**concerns [1]** 10/17
**concluded [1]** 11/2
**conflicts [1]** 9/16
**conformed [1]** 12/7
**confrontations [1]** 9/19
**contact [4]** 5/10 5/16 9/7 9/14
**context [1]** 4/2
**contexts [1]** 5/20

**contrast [2]** 5/17 6/16
**correct [1]** 12/5
**correctly [1]** 4/5
**could [3]** 6/7 9/18 9/20
**Counsel [1]** 3/6
**couple [1]** 5/7
**court [8]** 1/1 1/18 2/13 7/1 7/13 10/1 11/1 12/11
**Court's [1]** 10/4
**Courthouse [1]** 2/13
**courts [1]** 6/10
**CRR [2]** 2/13 12/10
**CSR [2]** 2/13 12/10
**current [1]** 9/2
**cv [2]** 1/4 3/4

## D

**DATE [1]** 12/10
**day [3]** 10/16 10/19 10/20
**days [1]** 7/25
**dealt [1]** 6/10
**decided [1]** 4/17
**declaration [1]** 9/22
**decline [1]** 10/15
**declined [1]** 8/25
**defendant [2]** 2/8 3/10
**defendant's [1]** 7/9
**Defendants [1]** 1/8
**dependent [1]** 6/25
**depends [1]** 4/12
**device [2]** 8/9 9/12
**devices [1]** 5/12
**did [3]** 4/13 9/11 10/20
**didn't [1]** 9/23
**different [4]** 4/3 5/5 7/18 10/14
**differently [3]** 4/2 4/12 4/23
**dismiss [1]** 10/2
**dispute [2]** 8/14 9/9

**D**

**distinct** [1]  4/21
**distinctions** [1]  8/7
**DISTRICT** [4]  1/1 1/2 1/18 2/13
**do** [6]  4/4 5/4 7/5 9/23 10/15 10/19
**does** [1]  7/2
**doesn't** [4]  5/22 5/23 8/4 10/18
**don't** [3]  6/9 8/10 9/8
**done** [1]  6/11
**down** [1]  7/12
**downloaded** [1]  5/14
**Drive** [1]  2/4
**due** [5]  4/1 4/3 5/22 10/12 10/17
**Dusenberry** [1]  6/22

**E**

**each** [1]  6/7
**EARLE** [2]  1/6 3/11
**easier** [1]  4/24
**easy** [1]  10/19
**Eldridge** [1]  7/2
**email** [3]  5/13 6/2 9/7
**enforcement** [7]  5/12 7/23 9/6 9/14 9/16 9/19 9/22
**entitled** [1]  12/6
**et** [1]  3/5
**even** [4]  4/21 4/23 5/22 5/23
**evening** [1]  8/15
**eventually** [1]  5/24
**example** [3]  5/4 6/2 6/8
**exceptional** [1]  7/1
**exemplar** [1]  7/24

**F**

**F.3d** [1]  6/14
**fact** [1]  9/9

**factors** [2]  5/7 5/17
**facts** [3]  8/21 10/21 10/22
**factual** [1]  10/7
**factually** [3]  4/21 5/5 5/25
**fairly** [1]  7/16
**far** [1]  9/16
**favor** [1]  4/24
**favorable** [2]  9/11 10/8
**fee** [1]  8/18
**FERC** [1]  6/25
**few** [1]  7/25
**fine** [1]  7/7
**first** [1]  5/8
**foregoing** [1]  12/4
**four** [1]  7/23
**Fourth** [2]  2/9 6/20

**G**

**get** [2]  8/4 9/21
**getting** [1]  9/18
**given** [1]  10/21
**giving** [1]  9/14
**Go** [1]  3/8
**going** [2]  9/24 10/6
**good** [2]  3/9 6/3
**Google** [1]  9/15
**grant** [2]  10/10 10/22
**GRIMM** [10]  1/3 2/4 3/4 3/13 3/14 3/17 3/25 8/8 8/15 8/22
**Grimm's** [1]  9/4

**H**

**had** [3]  5/10 5/14 5/16
**handheld** [2]  5/12 9/12
**happened** [1]  3/24
**hard** [2]  3/20 9/21
**has** [7]  5/19 6/2 6/21 7/1 8/8 8/9 8/13
**hasn't** [1]  10/20

**have** [3]  6/11 9/11 9/21
**he** [5]  8/17 8/20 8/20 8/24 9/4
**hear** [1]  3/20
**hearing** [2]  6/20 7/18
**held** [2]  5/19 7/2
**her** [6]  5/11 5/14 5/16 5/16 5/24 8/6
**here** [5]  3/23 5/18 10/11 10/13 10/22
**him** [2]  8/16 9/15
**his** [4]  5/24 8/15 8/16 8/19
**holdings** [1]  6/3
**Honor** [11]  3/3 3/9 3/14 4/6 4/15 6/5 6/13 7/1 7/5 10/1 10/25
**HONORABLE** [1]  1/17
**hours** [2]  8/6 8/12
**Housing** [1]  6/14
**However** [1]  8/14

**I**

**I'll** [1]  3/21
**I'm** [5]  3/14 3/18 7/6 9/23 10/6
**idea** [1]  6/4
**if** [12]  3/19 3/25 4/24 5/22 5/23 5/25 6/25 7/6 7/18 9/15 9/17 10/20
**illegally** [1]  8/20
**important** [1]  8/8
**in** [44]
**included** [1]  8/22
**incorporated** [1]  6/18
**individual** [2]  5/22 5/23
**individual's** [1]  5/21
**information** [3]  5/10 9/7 9/12
**interested** [1]  6/10
**interpreted** [1]  6/22
**introduce** [1]  3/6

**I**

**involved [2]**  6/6 8/23
**is [22]**
**issue [2]**  4/7 4/13
**it [15]**
**it's [11]**  3/19 4/23 5/24 6/24 6/24 7/15 7/18 7/19 8/11 8/21 9/16
**itself [2]**  6/19 10/18

**J**

**Jones [2]**  4/7 4/24
**JUDGE [1]**  1/18
**judgment [4]**  3/24 9/10 10/11 10/23
**July [2]**  1/6 3/2
**just [5]**  4/11 6/10 7/19 8/3 8/11

**K**

**keep [1]**  3/19
**kind [1]**  10/16
**Kitty [2]**  8/16 9/8
**know [1]**  6/9
**KnowTow [2]**  8/23 9/1

**L**

**later [1]**  8/1
**law [6]**  4/23 6/4 6/20 7/21 9/3 10/12
**lead [1]**  9/18
**least [1]**  6/21
**legally [1]**  8/17
**let's [2]**  6/1 9/11
**light [3]**  3/24 9/10 10/8
**like [2]**  7/17 8/24
**little [1]**  7/17
**Lockyer [1]**  6/25
**Lone [1]**  6/18
**longer [3]**  6/3 8/6 8/12
**look [1]**  6/25
**Los [6]**  5/5 5/8 5/9 5/15 5/15 7/10

**loudly [1]**  3/21

**M**

**made [1]**  4/19
**make [2]**  5/23 10/6
**makes [2]**  5/5 8/3
**material [2]**  9/8 9/9
**Mathews [3]**  4/22 7/2 7/15
**may [3]**  10/16 10/18 10/19
**MCHENRY [2]**  1/6 3/11
**me [5]**  3/25 4/12 9/21 10/11 10/13
**mean [1]**  6/22
**mentioned [1]**  8/8
**mentions [1]**  9/5
**metered [1]**  8/10
**method [1]**  7/22
**MICHAEL [1]**  1/17
**mics [1]**  7/6
**mind [1]**  7/5
**MO [2]**  1/4 3/4
**mobile [1]**  8/9
**more [3]**  6/1 6/2 8/5
**morning [1]**  8/18
**MOSMAN [1]**  1/17
**most [3]**  7/9 9/10 10/8
**motion [7]**  3/23 7/25 8/22 9/10 10/2 10/10 10/22
**moved [1]**  8/12
**Mr [2]**  2/4 2/8
**Mr. [8]**  3/13 3/17 3/25 7/4 8/8 8/15 8/22 9/4
**Mr. Grimm [6]**  3/13 3/17 3/25 8/8 8/15 8/22
**Mr. Grimm's [1]**  9/4
**Mr. Yamachika [1]**  7/4
**Ms. [3]**  5/10 5/14 7/14
**Ms. Sackman [2]**  5/10

5/14
**Ms. Shumway [1]**  7/14
**much [1]**  7/3
**Mullane [6]**  4/1 4/7 4/18 4/24 6/16 6/23
**Mullane-Jones [2]**  4/7 4/24
**must [3]**  5/2 6/16 6/23
**my [5]**  4/6 4/24 7/25 9/4 9/5

**N**

**named [1]**  4/10
**NE [1]**  2/5
**need [1]**  6/9
**needs [1]**  8/12
**new [1]**  10/7
**Ninth [7]**  4/16 5/19 6/11 6/21 7/10 9/3 10/12
**no [9]**  1/4 3/4 5/8 5/11 6/3 8/6 8/14 8/18 9/13
**nonmoving [1]**  10/9
**not [8]**  3/18 7/2 7/19 9/2 9/16 9/23 10/7 12/7
**Note [1]**  6/14
**nothing [1]**  7/21
**notice [14]**
**notices [1]**  8/2
**notification [2]**  8/23 10/16
**notified [1]**  8/16
**Nozzi [1]**  6/14
**number [1]**  5/13

**O**

**o0o [1]**  12/2
**obligation [1]**  9/13
**occasions [1]**  5/16
**Office [1]**  2/8
**officer [1]**  9/14
**officers [6]**  3/10 5/12

## O

**officers... [4]** 7/23 9/6 9/19 9/22
**Official [1]** 12/11
**Okay [1]** 3/21
**Omaha [1]** 2/5
**on [13]**
**One [1]** 8/7
**only [4]** 4/17 6/15 6/22 10/6
**opinion [1]** 10/4
**opposition [1]** 4/19
**or [12]** 2/9 2/14 5/24 6/2 6/20 6/20 7/18 8/23 9/7 9/15 9/18 12/7
**oral [2]** 1/15 3/4
**ordinance [1]** 8/13
**OREGON [2]** 1/2 1/8
**original [1]** 12/6
**other [4]** 4/21 5/19 6/9 6/10
**our [3]** 7/23 8/22 9/22
**out [5]** 4/12 5/15 6/15 8/5 9/5
**over [1]** 6/2
**overnight [1]** 8/18

## P

**p.m [3]** 3/2 8/16 11/2
**paid [1]** 8/15
**park [2]** 8/11 8/18
**parked [4]** 8/10 8/15 8/17 8/20
**parking [16]**
**part [1]** 5/25
**particular [1]** 7/16
**parties [1]** 4/9
**party [2]** 3/6 10/9
**pay [1]** 8/9
**people [3]** 9/16 9/17 9/19

**Pepperwood [1]** 2/4
**person [1]** 8/4
**personal [1]** 5/10
**phone [4]** 3/13 3/16 5/13 5/14
**physical [1]** 9/21
**placard [1]** 7/24
**place [1]** 3/3
**placed [2]** 7/24 8/1
**placing [1]** 7/22
**plaintiff [6]** 1/4 2/4 3/15 9/5 9/11 10/11
**please [1]** 7/13
**point [1]** 6/13
**pointed [1]** 9/5
**points [1]** 6/15
**PORTLAND [11]** 1/6 1/8 2/9 2/14 3/5 3/10 4/2 4/3 4/13 8/13 8/24
**Portland's [2]** 3/23 10/10
**position [2]** 7/8 7/9
**post [1]** 7/18
**post-towing [1]** 7/18
**pre [5]** 5/25 7/17 7/20 8/23 9/1
**pre-tow [2]** 8/23 9/1
**pre-towing [3]** 5/25 7/17 7/20
**preclude [1]** 9/9
**pretty [1]** 3/19
**prior [4]** 4/23 5/16 5/21 10/4
**pro [1]** 2/4
**probably [1]** 8/11
**proceedings [3]** 1/16 11/2 12/5
**process [5]** 4/1 4/3 5/22 10/12 10/17
**properly [1]** 10/2
**provide [1]** 9/2
**provides [1]** 5/21

**providing [1]** 5/25
**purports [1]** 9/2
**purposes [1]** 5/22
**put [1]** 5/14

## Q

**question [3]** 4/17 6/15 6/22

## R

**raise [1]** 10/18
**raised [1]** 10/7
**raises [1]** 10/17
**reading [1]** 7/12
**received [1]** 5/13
**recent [1]** 7/9
**recess [2]** 10/24 11/1
**record [3]** 3/7 7/24 12/5
**relevant [1]** 5/18
**rely [2]** 9/24 10/3
**reply [1]** 9/5
**reporter [3]** 2/13 7/13 12/11
**require [1]** 10/13
**required [2]** 9/2 10/19
**requirement [1]** 9/1
**respectfully [3]** 4/8 4/19 8/25
**RETRIEVER [6]** 1/6 4/20 6/17 10/2 10/3 10/15
**returned [1]** 8/5
**ridiculously [1]** 10/19
**right [6]** 3/16 4/4 4/11 4/14 5/1 7/3
**RMR [2]** 2/13 12/10
**Robert [2]** 2/8 3/9
**Room [2]** 2/9 2/14

## S

**S.W [2]** 2/9 2/14

## S

**Sackman [11]**  5/5 5/8 5/10 5/14 6/19 7/10 8/3 8/7 8/10 9/13 10/2
**say [3]**  6/1 6/24 9/11
**saying [1]**  3/20
**says [1]**  7/21
**Scofield [1]**  6/18
**se [1]**  2/4
**see [2]**  5/22 9/7
**September [1]**  12/9
**service [1]**  8/25
**set [1]**  3/4
**she [2]**  8/5 8/10
**short [1]**  10/1
**Shumway [4]**  2/13 7/14 12/9 12/10
**sign [1]**  8/25
**signature [2]**  12/7 12/7
**signing [2]**  8/8 12/4
**similar [1]**  8/13
**sit [1]**  7/6
**slow [1]**  7/12
**so [18]**
**software [1]**  8/24
**some [4]**  9/20 9/22 10/16 10/19
**somehow [2]**  8/22 9/9
**someone [1]**  9/14
**somewhat [1]**  8/22
**Sorry [1]**  7/14
**sounds [1]**  7/17
**speak [1]**  3/21
**speaker [1]**  3/16
**standard [14]**
**Star [1]**  6/18
**state [1]**  6/20
**states [4]**  1/1 1/18 2/13 7/11
**street [2]**  8/11 9/20
**stretch [1]**  9/17

**suggestion [2]**  5/9 5/11
**summary [4]**  3/24 9/10 10/10 10/23
**supplemental [1]**  8/21
**Supreme [1]**  7/1
**Sure [1]**  9/25
**surreply [1]**  9/4

## T

**talking [1]**  7/19
**telephone [2]**  2/4 9/7
**test [2]**  7/11 7/15
**text [1]**  6/2
**than [9]**  4/4 4/13 4/23 5/5 6/1 6/24 8/5 8/12 10/14
**Thank [7]**  3/12 3/22 7/3 7/5 10/5 10/24 10/25
**that [64]**
**that's [5]**  5/2 6/14 7/7 8/7 9/8
**their [1]**  9/12
**them [2]**  6/7 9/15
**then [2]**  7/25 8/19
**there [4]**  5/8 6/19 8/6 10/16
**there's [7]**  5/11 7/17 7/21 7/24 8/14 8/18 9/13
**therefore [1]**  10/22
**they [5]**  5/10 5/13 8/1 9/11 9/20
**they're [1]**  9/17
**think [14]**
**Third [1]**  2/14
**this [18]**
**those [5]**  5/17 6/3 6/6 7/23 8/1
**though [1]**  4/12
**through [1]**  6/7
**ticket [4]**  9/15 9/18

10/17 10/18
**time [3]**  3/3 6/2 8/17
**tow [6]**  6/21 8/1 8/2 8/20 8/23 9/1
**towed [3]**  5/11 5/24 9/18
**towing [16]**
**Towing's [1]**  10/3
**town [1]**  8/5
**traditional [1]**  7/22
**transcript [3]**  1/16 12/5 12/6
**trip [1]**  8/5
**turn [1]**  4/23
**twist [1]**  7/18
**two [1]**  8/1

## U

**under [4]**  4/22 9/2 9/12 10/12
**understand [2]**  3/25 4/5
**understands [1]**  4/16
**undisputed [1]**  10/22
**UNITED [3]**  1/1 1/18 2/13
**until [4]**  8/15 8/17 8/19 8/19
**up [6]**  3/19 8/8 8/15 8/17 8/25 9/12
**use [1]**  8/24
**used [1]**  5/16

## V

**vehicle [2]**  5/11 8/12
**verbal [1]**  9/20
**very [2]**  6/21 7/3
**voice [1]**  3/19

## W

**walk [1]**  6/7
**want [3]**  3/25 4/11 10/6

## W

**wants [1]** 10/11
**warning [2]** 7/24 7/25
**was [6]** 8/6 8/10 8/17 8/17 8/20 8/22
**way [1]** 4/5
**we [3]** 9/10 10/1 10/3
**We'll [1]** 10/24
**we're [2]** 3/23 7/19
**well [7]** 4/6 5/7 6/5 6/13 7/8 9/23 10/3
**went [1]** 8/5
**were [3]** 4/10 8/1 10/7
**what [3]** 3/20 5/4 6/10
**what's [2]** 3/24 4/1
**when [6]** 4/16 5/10 6/15 6/22 7/16 10/16
**where [2]** 6/15 7/1
**which [2]** 7/19 10/17
**while [1]** 7/12
**why [1]** 4/20
**windshield [1]** 5/20
**without [1]** 12/6
**worst [1]** 10/21
**would [10]** 4/7 4/7 4/9 4/22 6/24 7/12 8/24 9/9 10/13 10/20
**wouldn't [1]** 9/21
**wrong [1]** 10/12
**wrongfully [1]** 9/6
**wrongfully assumes [1]** 9/6

## Y

**Yamachika [3]** 2/8 3/10 7/4
**Yes [2]** 3/14 4/15
**yet [1]** 10/20
**you [22]**
**you'd [1]** 3/19
**you're [3]** 3/13 3/20 7/12
**your [18]**
**yourself [1]** 3/6

## Z

**zone [1]** 8/10