IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ANDREW GRIMM**,

        Plaintiff,

v.

**CITY OF PORTLAND**,

        Defendant.

Case No. 3:18-cv-00183-MO

OPINION & ORDER

**MOSMAN, J.**,

Plaintiff Andrew Grimm challenges the constitutionality of Portland's pre-tow notice procedures after neglecting to return to his vehicle parked in downtown Portland for approximately ten days and finding that the vehicle had been towed. Both Defendant City of Portland ("the City" or "Portland") and Mr. Grimm filed Motions for Summary Judgment [ECF 94, 95]. Oral argument took place on February 7, 2023. For the reasons given below, I GRANT the City's Motion for Summary Judgment and DENY Mr. Grimm's Motion for Summary Judgment.

## PROCEDURAL BACKGROUND

On August 21, 2020, the Court of Appeals for the Ninth Circuit reversed this Court's grant of summary judgment to the City and remanded the case for further proceedings consistent with its opinion. *Grimm v. City of Portland*, 971 F.3d 1060 (9th Cir. 2020). The Ninth Circuit held that I erred in applying *Mathews v. Eldridge*, 424 U.S. 319 (1976), instead of *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), to analyze Mr. Grimm's adequacy of notice claim. *Id.* at 1062.

1 – OPINION & ORDER

Further, the Ninth Circuit called attention to Mr. Grimm's argument that *Jones v. Flowers*, 547 U.S. 220 (2006), extends *Mullane* by holding that the state's method of notice was inadequate because "additional reasonable steps were available" upon knowledge that the original method of service was ineffective. *Id.* at 1066 (citing *Jones*, 547 U.S. at 225). The panel advised that "[t]he analysis under *Mullane* and *Jones* will require the district court to decide whether the citations and tow placard provided 'reasonably calculated' notice of the tow, and whether, if Portland had knowledge that notice was ineffective, it was practicable to notify Grimm through other means." *Id.* at 1068.

The Ninth Circuit remanded the case and instructed this Court to consider the following, among other questions:

(1) Is putting citations on a car that do not explicitly warn that the car will be towed reasonably calculated to give notice of a tow to the owner?;
(2) Did the red tow slip placed on Grimm's car shortly before the tow provide adequate notice?; and
(3) Was Portland required under *Jones* to provide supplemental notice if it had reason to suspect that the notice provided by leaving citations and the tow slip on Grimm's windshield was ineffective?

*Id.*

## FACTUAL BACKGROUND

On December 14, 2017, Mr. Grimm parked his vehicle in downtown Portland and paid for parking using the Parking Kitty mobile parking payment application. Joint Notice of Stipulated Facts [ECF 93] ¶¶ 34–35. Mr. Grimm received notifications from Parking Kitty three minutes before and at the time of parking expiration. *Id.* ¶¶ 10, 11, and 36. Parking Kitty is not currently configured to allow the City to send notifications pertaining to citations or towing. *Id.* ¶ 14. Parking Kitty is owned by the company Passport Parking, Inc., *id.* ¶ 5, which does not regularly share users' contact information with the City, *id.* ¶ 20.

Mr. Grimm understood that having his vehicle remain in a metered spot without payment could result in the vehicle being towed. *Id.* ¶ 29. Beginning at 8 A.M. on December 15, 2017, Mr. Grimm's vehicle was parked illegally pursuant to Portland City Code 16.20.430A. *Id.* ¶ 41. That day, in accordance with city policy, *id.* ¶¶ 17–18, a Parking Enforcement Officer ("officer") issued two citations: (1) for failing to display current registration tags and (2) for unlawfully parking in a metered zone without proof of payment, *id.* ¶ 42. On December 18, 2017, an officer issued two additional citations for the same violations. *Id.* ¶ 43. The next day, an officer issued an additional citation for the unlawful parking in a metered zone. *Id.* ¶ 44. This citation included a "CITE AND WARN" comment, which referred to the red warning slip placed on the vehicle stating that "your vehicle will be subject to tow/citation if it is not moved," with "tow/citation" circled and "tow" underlined by the officer. *Id.* On December 21, 2017, an officer issued an additional parking citation for being parked in a metered zone without proof of payment. *Id.* ¶ 45. The officer also placed a separate tow slip on the windshield. *Id.* That day, the officer contacted Retriever Towing to tow and impound Mr. Grimm's vehicle. *Id.* ¶ 47.

Mr. Grimm did not see the postings before his car was towed and did not return to the vehicle between December 14, 2017, and December 24, 2017. *Id.* ¶ 48. On December 22, 2017, the City mailed letters to the address registered with Mr. Grimm's vehicle to provide retrieval information and state that the vehicle had been towed. *Id.* ¶ 49. The City "did not use telephone, email, Internet, contact information from Parking Kitty, or the Parking Kitty app to notify Mr. Grimm that his vehicle would be towed." *Id.* ¶ 51.

The City has the following policies for vehicles remaining in metered spaces past paid-for time:

> The City's policy and procedure is that after a minimum of two citations are issued for overtime parking in a metered zone, a Parking Enforcement Officer working for

[the Portland Bureau of Transportation] places a red warning placard in the form attached as Exhibit A ("Warning Placard") on the vehicle's windshield. The City's policy and procedure is that the Parking Enforcement Officer circles "tow" on the Warning Placard where it states: "Your vehicle will be subject to tow/citation _____ if it is not moved." The City's policy and procedure is that after placing the Warning Placard on the vehicle, if the vehicle is not moved within twelve hours, a City Parking Enforcement Officer places a tow placard in the form attached as Exhibit B on the vehicle and contacts a contracted towing company to tow and impound the vehicle.

*Id.* ¶¶ 17, 18.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The initial burden for a motion for summary judgment is on the moving party to identify the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is satisfied, the burden shifts to the non-moving party to demonstrate, through the production of evidence listed in Fed. R. Civ. P. 56(c)(1), that there remains a "genuine issue for trial." *Celotex*, 477 U.S. at 324. The non-moving party may not rely upon the pleading allegations, *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995) (citing Fed. R. Civ. P. 56(e)), or "unsupported conjecture or conclusory statements," *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). All reasonable doubts and inferences to be drawn from the facts are to be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

### I.  *Mullane/Jones* Standard

*Mullane v. Central Hanover Bank & Trust Co.* held that "[a]n elementary and fundamental requirement of due process . . . is notice reasonably calculated, under all the circumstances, to

apprise interested parties of the pendency of the action and afford them an opportunity to present their objections . . . with due regard for the practicalities and peculiarities of the case." 339 U.S. 306, 314–15 (1950). *Mullane* established a "reasonably calculated" due process standard that has been understood to govern inquiries into adequacy of notice. *See, e.g.*, *Robinson v. Hanrahan*, 409 U.S. 38, 39–40 (1972) (collecting cases).

The reasonably calculated standard does not demand "best practicable" notice, contrary to Mr. Grimm's argument. Rather, Supreme Court and Ninth Circuit case law outlining a best practicable standard of notice is limited to the context of class action notice under Fed. R. Civ. P. 23. *See, e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985); *Silber v. Mabon*, 957 F.2d 697 (9th Cir. 1992). Other circuit courts have also referred to "best notice practicable" primarily in the context of Fed. R. Civ. P. 23. *Compare Greenfield v. Villager Industries, Inc.*, 483 F.2d 824 (3d Cir. 1973), *In re Nissan Motor Corp. Antitrust Litigation*, 552 F.2d 1088 (5th Cir. 1977), *Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008), *Pollard v. Remington Arms Company, LLC*, 896 F.3d 900 (8th Cir. 2018), *DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935 (10th Cir. 2005), *and Juris v. Inamed Corp.*, 685 F.3d 1294 (11th Cir. 2012) *with In re Drexel Burnham Lambert Group Inc.*, 995 F.2d 1138, 1144 (2d Cir. 1993) (using "best notice practical under the circumstances" when referring generally to the Due Process Clause). In conclusion, I reject the argument that *Mullane* requires best practicable notice.

*Jones v. Flowers* acknowledges *Mullane*'s reasonably calculated due process standard but notes that the Supreme Court had "never addressed whether due process requires further efforts when the government becomes aware prior to the taking that its notice attempt has failed." 547 U.S. 220, 220 (2006). *Jones* held that "when mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner

before selling his property, if it is practicable to do so." *Id.* at 225. The Court emphasized the individualized notice requirements by clarifying that "[t]he government must consider unique information about an intended recipient regardless of whether a statutory scheme is reasonably calculated to provide notice in the ordinary case." *Id.* at 221.

## II.  Notice of Individualized or Systemic Failure

Prior to evaluating the adequacy of individualized pre-tow notice, I first assess whether there were systemic issues to Portland's notice protocol regarding towing. The briefing indicates that the City was not on notice that its procedures of providing pre-tow notice were deficient. Unlike in *Greene v. Lindsey*, 456 U.S. 444 (1982), in which posting notice on the property was insufficient because of known instances of having notice removed prematurely, here, there is no information that the City's method of notice by posting citations and a warning slip on the vehicle was repeatedly failing to notify drivers. Based on the record before me, Portland's pre-tow notice protocol at the systemic level is constitutionally adequate.

*Jones* extends the due process analysis to evaluate the individualized adequacy of notice when the government had reason to suspect that notice was ineffective. Here, the parties stipulated that the parking citations remained on the windshield but disagree on the inference to make from this fact. On summary judgment, all reasonable doubts and inferences to be drawn from the facts are to be viewed in the light most favorable to the nonmoving party.

### A.  City of Portland's Motion for Summary Judgment

In the light most favorable to Mr. Grimm, the citations remaining on his vehicle indicated that he had not received the City's warnings. The citations indicated ineffective service because had Mr. Grimm seen the citations on the windshield, he would have retrieved them and presumably read them. Therefore, the City had reason to suspect that its attempt at providing notice had failed.

However, as explained later in this opinion, I find that the City did not have reasonable, practicable alternatives to provide notice.

### B.   Andrew Grimm's Motion for Summary Judgment

Even if Mr. Grimm's motion meets the requirements to trigger *Jones*, his motion fails because of the lack of reasonable alternatives available to the City.

### III.   Availability of Reasonable Alternatives

In *Jones*, there were additional reasonable steps available to the State to provide notice, such as resending notice by regular mail and posting notice on the front door. *Jones*, 547 U.S. at 221–22. Notably, *Jones* did not require the State to "search the local phone book and government records" to satisfy the supplemental notice requirement, establishing that there are limitations to what is considered reasonable. *Id.* at 222. Mr. Grimm suggests that the City could have sent notice through Parking Kitty, email, phone call, text message, or pre-tow mail. I address each proposed alternative below.

The parties stipulated to the fact that the City did not have access to the contact information inputted into Parking Kitty. The City did not have Mr. Grimm's email address or phone number, making these methods of communication impracticable for providing service. Further, the parties agreed to the fact that Parking Kitty is not configured to allow the City to send notifications regarding towing or citations.

Mr. Grimm also insists that sending pre-tow notice by mail was required to satisfy *Mullane/Jones*. However, sending pre-tow notice by mail is not a "reasonable step" in the context of street parking. The City has a legitimate interest in regulating downtown parking, which entails towing vehicles that remain illegally parked for a certain period of time. Sending pre-tow mail would severely interfere with the City's ability to timely enforce its parking codes. The mail would

take several days to arrive at the registered owner's house or potentially longer if, as here, the car is registered out of state. This is not a reasonable method of notice given the necessity of keeping city streets clean, safe, and orderly. In short, requiring pre-tow notice by mail erases consideration of the practicalities of the case. I categorically reject the argument that pre-tow notice by mail is required by *Mullane/Jones*. Given that there were no reasonable alternatives for supplemental notice, I grant the City's Motion for Summary Judgment and deny Mr. Grimm's Motion for Summary Judgment.[1]

### IV. Ninth Circuit's Questions

The Ninth Circuit outlined three questions for this Court to consider, which I briefly address below.

#### A. Is Putting Citations on a Car That Do Not Explicitly Warn That the Car Will be Towed Reasonably Calculated to Give Notice of a Tow to the Owner?

The citations do not constitute adequate notice under the *Mullane* reasonably calculated standard. The citations lacked explicit statements warning the driver that their car would be towed. The due process analysis instead centers on the adequacy of notice from the warning and tow slips.

#### B. Did the Red Tow Slip Placed on Grimm's Car Shortly Before the Tow Provide Adequate Notice?

The Ninth Circuit assumed that there was no warning slip because the parties disputed its presence on Mr. Grimm's vehicle. *Grimm v. City of Portland*, 971 F.3d 1060, 1062 n.2 (9th Cir. 2020). Here, the parties have stipulated to the fact that an officer placed both a warning and tow slip on Mr. Grimm's vehicle. Therefore, I will analyze whether each slip provided adequate notice.

---

[1] Mr. Grimm also moves for retrospective declaratory relief, which I deny under *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 868 (9th Cir. 2017) (holding that "a declaratory judgment merely adjudicating past violations of federal law—as opposed to continuing or future violations of federal law—is not an appropriate exercise of federal jurisdiction.").

The warning slip provided notice because it explicitly warned that the vehicle would be towed if not moved. City protocol states that after issuing two citations, at least twelve hours must pass between placing the warning slip on the vehicle and having it towed. Here, approximately two days passed. The warning slip provided adequate notice to Mr. Grimm that his vehicle would be towed. In contrast, the tow slip did not provide adequate notice because it was issued shortly before the towing took place, and therefore was not reasonably calculated to apprise Mr. Grimm of the action.

    **C.    Was Portland Required Under *Jones* to Provide Supplemental Notice if It Had Reason to Suspect that the Notice Provided by Leaving Citations and the Tow Slip on Grimm's Windshield Was Ineffective?**

*Jones* required the City to provide supplemental notice if it had reason to suspect ineffective notice *and* if additional reasonable steps were available. Unlike in *Jones*, in which the State had reasonable alternatives, here, the City had no such alternatives. While the *Jones* analysis was triggered in this matter, the City ultimately did not have to provide supplemental notice because of the lack of reasonable, practicable alternatives.

## CONCLUSION

For the reasons given above, I DENY Andrew Grimm's Motion for Summary Judgment [ECF 95] and GRANT the City of Portland's Motion for Summary Judgment [ECF 94].

IT IS SO ORDERED.

DATED this 9th day of March, 2023.

                                                    MICHAEL W. MOSMAN
                                                  Senior United States District Judge